Chant Yedalian (*pro hac vice* pending)[1]
CHANT & COMPANY
A Professional Law Corporation
1010 N. Central Ave.
Glendale, CA 91202
Phone: 877.574.7100
Fax: 877.574.9411
Email: chant@chant.mobi

Kenneth M. Roberts
NV Bar No. 4729
DEMPSEY, ROBERTS & SMITH, LTD.
1130 Wigwam Parkway
Henderson, NV 89074
Phone: 702.388.1216
Fax: 702.388.2514
Email: kenroberts@drsltd.com

Counsel for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CIRENA TORRES, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KWONG YET LUNG CO., INC. (d/b/a International Marketplace), and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND**<br><br>[15 U.S.C. §§ 1681 *et seq.*] |

---

[1] Counsel will comply with LR IA 10-2 within 45 days.

-1-   COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, by her counsel of record, brings this action on her own behalf and on behalf of all others similarly situated, and alleges the following upon personal knowledge, or where there is not personal knowledge, upon information and belief:

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 168lp.

2. Plaintiff's claims asserted herein arose in this judicial district and all Defendants do business in and reside in this judicial district.

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) in that defendant KWONG YET LUNG CO., INC. (d/b/a International Marketplace), has done and continues to do business, and intentionally avails itself of the markets within this district, including Clark County, Nevada, it owns, manages, maintains and or operates at least one physical retail store within this district, and this is a class action case in which a substantial part of the acts and omissions giving rise to the claims occurred within this judicial district, including Las Vegas, Nevada.

## INTRODUCTION

4. In 2003, Congress passed and the President signed, the Fair and Accurate Credit Transactions Act ("FACTA") to assist in the prevention of identity theft and credit and debit card fraud. In the statement provided by the President during the signing of the bill, the President declared that:

> "This bill also confronts the problem of identity theft. A growing number of Americans are victimized by criminals who assume their identities and cause havoc in their financial affairs. With this

       legislation, the Federal Government is protecting our citizens by taking the offensive against identity theft."

5.     A main provision of FACTA (codified as 15 U.S.C. § 1681c(g) of the Fair Credit Reporting Act), provides that:

> "**no person** that accepts credit cards or debit cards for the transaction of business **shall print more than the last 5 digits of the card number *or* the expiration date upon any receipt provided to the cardholder** at the point of the sale or transaction."

6.     The law gave merchants who accept credit and or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006. Although KWONG YET LUNG CO., INC. (d/b/a International Marketplace), and the other defendants herein had up to three years to comply, Defendants have willfully violated this law and failed to protect Plaintiff and others similarly situated against identity theft and credit and debit card fraud by printing more than the last 5 digits of the card number, the expiration date of the card, the brand of the card (i.e., Visa, etc.), and the name of the cardholder on receipts provided to debit card and credit card cardholders transacting business with Defendants.

7.     This is a direct violation of FACTA. As the Ninth Circuit has explained: "In fashioning FACTA, Congress aimed to 'restrict the amount of information available to identity thieves.' 149 Cong. Rec. 26,891 (2003) (statement of Sen. Shelby)." *Bateman v. American Multi-Cinema, Inc.*, 623 F.3d 708, 718 (9th Cir. 2010).

8.     Plaintiff on behalf of herself and all others similarly situated brings this action against KWONG YET LUNG CO., INC. (d/b/a International Marketplace), and DOES 1 through 100 (collectively referred to as "Defendants") based on Defendants' violations of 15 U.S.C. §§ 1681 *et seq.*

9. Plaintiff seeks, on behalf of herself and the class, statutory damages, punitive damages, costs and attorney fees, all of which are expressly made available by statute, 15 U.S.C. §§ 1681 *et seq.*, for Defendants' unlawful practice of violating FACTA's provisions intended to safeguard against identity theft and credit and debit card fraud.

## PARTIES

10. Plaintiff, CIRENA TORRES, is and at all times relevant hereto was a resident of the State of California.

11. Defendant KWONG YET LUNG CO., INC. (d/b/a International Marketplace), is a corporation organized and existing under the laws of the State of Nevada. KWONG YET LUNG CO., INC. (d/b/a International Marketplace), owns, manages, maintains and or operates one or more retail stores offering various goods and services for sale to the public.

12. At all times mentioned in this Complaint, Defendants and each of them were the agents, employees, joint venturer, and or partners of each other and were acting within the course and scope of such agency, employment, joint venturer and or partnership relationship and or each of the Defendants ratified and or authorized the conduct of each of the other Defendants.

13. Plaintiff does not know the true names and capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes that each of the DOE defendants was in some manner legally responsible for the wrongful and unlawful conduct and harm alleged herein. Plaintiff will amend this Complaint to set forth the true names and capacities of these defendants when they have been ascertained, along with appropriate charging allegations.

## CLASS ACTION ALLEGATIONS

14. Plaintiff brings this class action on behalf of herself and all other persons similarly situated pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

15. The class which Plaintiff seeks to represent is defined as:

> All consumers to whom Defendants, within two years from the date of filing this action, provided an electronically printed receipt at the point of a sale or transaction at any of Defendants' stores, on which receipt Defendants printed more than the last 5 digits of the credit card or debit card number and/or the expiration date of the consumer's credit card or debit card (the "CLASS").

16. Excluded from the CLASS are Defendants and their directors, officers and employees.

17. <u>Numerosity</u> (Fed. R. Civ. P. 23(a)(1)):  The CLASS is so numerous that joinder of all individual members in one action would be impracticable.  The disposition of their claims through this class action will benefit both the parties and this Court.

18. Plaintiff is informed and believes and thereon alleges that there are, at a minimum, thousands (*i.e.*, two thousand or more) of members that comprise the CLASS.

19. The exact size of the CLASS and identities of individual members thereof are ascertainable through Defendants' records, including but not limited to Defendants' sales and transaction records.

20. Members of the CLASS may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, first-class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and or

1  appropriate by the Court.

2  21.  <u>Typicality</u> (Fed. R. Civ. P. 23(a)(3)): Plaintiff's claims are typical of the claims of the entire CLASS.  The claims of Plaintiff and members of the CLASS are based on the same legal theories and arise from the same unlawful conduct.

22.  Plaintiff and members of the CLASS were each customers of Defendants, each having made a purchase or transacted other business with Defendants within two years from the date of filing this action, using a credit and or debit card.  At the point of such sale or transaction with Plaintiff and members of the CLASS, Defendants provided to Plaintiff and each member of the CLASS a receipt in violation of 15 U.S.C. §1681c(g) (*i.e.*, a receipt on which is printed more than the last 5 digits of the credit card or debit card number and/or the expiration date of the credit card or debit card).

23.  <u>Common Questions of Fact and Law</u> (Fed. R. Civ. P. 23(a)(2) and (b)(3)):  There are a well-defined community of interest and common questions of fact and law affecting the members of the CLASS.

24.  The questions of fact and law common to the CLASS predominate over questions which may affect individual members and include the following:

(a)  Whether Defendants' conduct of providing Plaintiff and the CLASS with sales or transaction receipts whereon Defendants printed more than the last 5 digits of the card number and/or the expiration date of the card violated the FACTA, 15 U.S.C. §§ 1681 *et seq.*;

(b)  Whether Defendants' conduct was willful; and

(c)  Whether Plaintiff and the CLASS are entitled to statutory damages, punitive damages, costs and or attorney fees for Defendants' acts and conduct.

25.  <u>Adequacy of Representation</u> (Fed. R. Civ. P. 23(a)(4)):  Plaintiff is

1  an adequate representative of the CLASS because her interests do not conflict
2  with the interests of the CLASS which Plaintiff seeks to represent. Plaintiff will
3  fairly, adequately, and vigorously represent and protect the interests of the
4  CLASS and has no interests antagonistic to the CLASS. Plaintiff has retained
5  counsel who is competent and experienced in the prosecution of class action
6  litigation.

7  26. <u>Superiority</u> (Fed. R. Civ. P. 23(b)(1) and 23(b)(3)): A class action
8  is superior to other available means for the fair and efficient adjudication of the
9  claims of the CLASS. While the aggregate damages which may be and if
10 awarded to the CLASS are likely to be substantial, the actual damages suffered
11 by individual members of the CLASS are relatively small. As a result, the
12 expense and burden of individual litigation makes it economically infeasible and
13 procedurally impracticable for each member of the CLASS to individually seek
14 redress for the wrongs done to them. Plaintiff does not know of any other
15 litigation already commenced by or against any member of the CLASS
16 concerning Defendants' printing of more than the last 5 digits of the card number
17 and/or the expiration date of the card on customer receipts. The likelihood of
18 individual CLASS members prosecuting separate claims is remote.
19 Individualized litigation would also present the potential for varying, inconsistent
20 or contradictory judgments, and would increase the delay and expense to all
21 parties and the court system resulting from multiple trials of the same factual
22 issues. In contrast, the conduct of this matter as a class action presents fewer
23 management difficulties, conserves the resources of the parties and the court
24 system, and would protect the rights of each member of the CLASS. Plaintiff
25 knows of no difficulty to be encountered in the management of this action that
26 would preclude its maintenance as a class action.

27
28

# FIRST CAUSE OF ACTION

## For Violation of 15 U.S.C. §§ 1681 *et seq.*

## (On Behalf of Plaintiff and the CLASS

## as against all Defendants including DOES 1 through 100)

27. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

28. Plaintiff asserts this claim on behalf of herself and the CLASS against Defendants and each of them.

29. Title 15 U.S.C. § 1681c(g)(1) provides that:

"**no person** that accepts credit cards or debit cards for the transaction of business **shall print more than the last 5 digits of the card number *or* the expiration date upon any receipt provided to the cardholder** at the point of the sale or transaction."

30. By its express terms, 15 U.S.C. § 1681c(g)(1) applies to "any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions" after December 3, 2006 (15 U.S.C. § 1681c(g)(3)).

31. Defendants transact business in the United States and accept credit cards and or debit cards in the course of transacting business with persons such as Plaintiff and members of the CLASS. In transacting such business, Defendants use cash registers and or other machines or devices that electronically print receipts for credit card and/or debit card transactions.

32. After December 3, 2006, and within two years from the date of filing this action, Defendants, at the point of a sale or transaction with Plaintiff CIRENA TORRES, provided Plaintiff CIRENA TORRES with one or more electronically printed receipts on each of which Defendants printed more than the last 5 digits of her credit card or debit card number, the expiration date of her

credit card or debit card, the brand of the card (i.e., Visa, etc.), and Plaintiff's name.

33. After December 3, 2006, and within two years from the date of filing this action, Defendants, at the point of a sale or transaction with members of the CLASS, provided each member of the CLASS with one or more electronically printed receipts on each of which Defendants printed, for each respective CLASS member, more than the last 5 digits of the credit card or debit card number, the expiration date of the credit card or debit card, the brand of the card (i.e., Visa, etc.), and the cardholder's name.

34. As set forth above, FACTA was enacted in 2003 and gave merchants who accept credit and or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006.

35. Defendants and each of them knew of and were well informed about the law, including specifically FACTA's requirements concerning the truncation of credit and debit card numbers and prohibition on the printing of expiration dates.

36. For example, but without limitation, several years ago, VISA, MasterCard, the PCI Security Standards Council (a consortium founded by VISA, MasterCard, Discover, American Express and JCB), companies that sell cash register and other devices for the processing of credit or debit card payments, companies that sell software to operate payment card devices, companies that maintain and repair hardware or software used to process payment card transactions, and other entities informed Defendants and each of them about FACTA, including its specific requirements concerning the truncation of credit and debit card numbers and prohibition on the printing of expiration dates, and Defendants' need to comply with same.

37. Other entities, including but not limited to Defendants' merchant bank (also known as the acquiring bank or acquirer) which processes credit and debit card payments for transactions occurring at Defendants' store(s), likewise informed Defendants and each of them about FACTA, including its specific requirements concerning the truncation of credit and debit card numbers and prohibition on the printing of expiration dates, and Defendants' need to comply with same.

38. In addition, many companies such as VISA and MasterCard devised and implemented policies well before the operative date of FACTA's requirements, wherein such policies VISA, MasterCard and others required Defendants (and informed Defendants of the requirements) to truncate credit and debit card numbers and prevent the printing of expiration dates on receipts. In addition, these companies also publically announced some of these requirements. For example, on March 6, 2003, VISA USA's CEO, Carl Pascarella, held a press conference on Capitol Hill with Senators Dianne Feinstein, Judd Gregg, Jon Corzine and Patrick Leahy, and publically announced Visa USA's new truncation policy to protect consumers from identity theft. At the March 2003 press conference, Mr. Pascarella explained, as follows:

> "Today, I am proud to announce an additional measure to combat identity theft and protect consumers. **Our new receipt truncation policy will soon limit cardholder information on receipts to the last four digits of their accounts. The card's expiration date will be eliminated from receipts altogether.** This is an added security measure for consumers that doesn't require any action by the cardholder. We are proud to be the first payments brand to announce such a move to protect cardholders' identities by restricting access to their account information on receipts.

**The first phase of this new policy goes into effect July 1, 2003 for all new terminals.** I would like to add, however, that even before this policy goes into effect, **many merchants have already voluntarily begun truncating receipts, thanks to groundwork that we began together several years ago**.

Receipt truncation is good news for consumers, and bad news for identity thieves. Identity thieves thrive on discarded receipts and documents containing consumers' information such as payment account numbers, addresses, Social Security numbers, and more. Visa's new policy will protect consumers by limiting the information these thieves can access." (Statements made by VISA USA's CEO, Carl Pascarella at a March 6, 2003 press conference held at Capitol Hill with Senators Dianne Feinstein, Judd Gregg, Jon Corzine and Patrick Leahy.)

39. Moreover, the Government, through the Federal Trade Commission ("FTC"), provided notice to businesses on no less than three separate occasions in 2007 reminding them of the requirement to truncate credit and debit card information on receipts. Defendants were informed of and knew about these notices from the FTC. In one such notice, entitled "FTC Business Alert" "Slip Showing? Federal Law Requires All Businesses to Truncate Credit Card Information on Receipts," and dated May 2007, the FTC reminded businesses, among other things, of the following:

"What's on the credit and debit card receipts you give your customers? The Federal Trade Commission (FTC), the nation's consumer protection agency, says it's time for companies to check their receipts and make sure they're complying with a law that's been in effect for all businesses since December 1, 2006.

According to the federal Fair and Accurate Credit Transaction Act (FACTA), the electronically printed credit and debit card receipts you give your customers must shorten — or truncate — the account information. **You may include no more than the last five digits of the card number, and you must delete the card's expiration date**. For example, a receipt that truncates the credit card number and deletes the expiration date could look like this:

ACCT:***********12345

EXP:****

Why is it important for businesses to make sure they're complying with this law?  Credit card numbers on sales receipts are a "golden ticket" for fraudsters and identity thieves.  Savvy businesses appreciate the importance of protecting their customers — and themselves — from credit card crime."

40. Despite knowing and being repeatedly informed about FACTA and the importance of truncating credit and debit card numbers and preventing the printing of expiration dates on receipts, and despite having had over three years to comply with FACTA's requirements, Defendants and each of them knowingly willfully, intentionally, and recklessly violated FACTA's requirements by, *inter alia*, printing more than the last 5 digits of the card number, the expiration date of the card, the brand of the card (i.e., Visa, etc.), and the name of the cardholder upon the receipts provided to the cardholders with whom they transact business.

41. Defendants' business peers and competitors brought their credit and debit card receipt printing processes in compliance with FACTA's requirements by, for example, doing things such as programming their card machines and devices to prevent them from printing more than the last five digits of the card number and or the expiration date upon the receipts provided to the cardholders.

1  Defendants could have readily done the same.

2  42.  Instead, Defendants knowingly, willfully, intentionally, and
3  recklessly disregarded FACTA's requirements and used cash registers and or
4  other machines or devices that printed receipts in violation of FACTA.

5  43.  Defendants knowingly, willfully, intentionally, and recklessly
6  violated FACTA in conscious disregard of the rights of Plaintiff and the CLASS.

7  44.  Defendants have also harmed Plaintiff and the CLASS by exposing
8  them to at least an increased risk of identity theft and credit and or debit card
9  fraud.

10  45.  As a result of Defendants' willful violations of FACTA, Defendants
11  are liable to Plaintiff and each member of the CLASS in the statutory damage
12  amount of "not less than $100 and not more than $1,000" for each violation. (15
13  U.S.C. § 1681n.)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

1.  An order certifying the CLASS and appointing Plaintiff as the representative of the CLASS, and appointing counsel of record for Plaintiff as counsel for the CLASS;

2.  An award to Plaintiff and the CLASS of statutory damages pursuant to 15 U.S.C. § 1681n for Defendants' willful violations (up to but not exceeding the fullest extent allowed under the Constitution of the United States);

3.  An award to Plaintiff and the CLASS of punitive damages pursuant to 15 U.S.C. § 1681n  (up to but not exceeding the fullest extent allowed under the Constitution of the United States);

4.  Payment of costs of suit herein incurred pursuant to, *inter alia*, 15 U.S.C. § 1681n;

1  5. Payment of reasonable attorney's fees pursuant to, *inter alia*, 15 U.S.C. § 1681n; and

2  6. For such other and further relief as the Court may deem proper.

Date: December 29, 2014           By:  /S/ Kenneth M. Roberts

Chant Yedalian (*pro hac vice* pending)[2]
CHANT & COMPANY
A Professional Law Corporation
1010 N. Central Ave.
Glendale, CA 91202
Phone: 877.574.7100
Fax: 877.574.9411
Email: chant@chant.mobi

Kenneth M. Roberts
NV Bar No. 4729
DEMPSEY, ROBERTS & SMITH, LTD.
1130 Wigwam Parkway
Henderson, NV 89074
Phone: 702.388.1216
Fax: 702.388.2514
Email: kenroberts@drsltd.com

Counsel for Plaintiff

//

//

//

//

//

---

[2] Counsel will comply with LR IA 10-2 within 45 days.

# **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all claims so triable.

Date: December 29, 2014     By: /S/ Kenneth M. Roberts

Chant Yedalian (*pro hac vice* pending)
CHANT & COMPANY
A Professional Law Corporation
1010 N. Central Ave.
Glendale, CA 91202
Phone: 877.574.7100
Fax: 877.574.9411
Email: chant@chant.mobi

Kenneth M. Roberts
NV Bar No. 4729
DEMPSEY, ROBERTS & SMITH, LTD.
1130 Wigwam Parkway
Henderson, NV  89074
Phone: 702.388.1216
Fax: 702.388.2514
Email: kenroberts@drsltd.com

Counsel for Plaintiff