1  DAVID A. CARROLL, ESQ.
   Nevada State Bar No. 7643
2  ANTHONY J. DIRAIMONDO, ESQ.
   Nevada State Bar No. 10875
3  **RICE REUTHER SULLIVAN & CARROLL, LLP**
   3800 Howard Hughes Parkway, Suite 1200
4  Las Vegas, Nevada 89169
   Telephone: (702) 732-9099
5  Facsimile: (702) 732-7110

6  RACHEL KINGREY, ESQ. (*Pro Hac Vice*)
   **GARDERE WYNNE SEWELL LLP**
7  1601 Elm Street, Suite 3000
   Dallas, Texas 75201
8  Telephone: (214) 999-3000
   Facsimile: (214) 999-4667
9  *Attorneys for Kwong Yet Lung Co., Inc.*
   *d/b/a International Marketplace*

10

11 CHANT YEDALIAN, ESQ. (*Pro Hac Vice*)
   **CHANT & COMPANY**
12 **A Professional Law Corporation**
   1010 N. Central Ave.
13 Glendale, CA 91202
   Phone: 877.574.7100
14 Fax: 877.574.9411

15 KENNETH M. ROBERTS, ESQ.
   Nevada State Bar No. 4729
16 **DEMPSEY, ROBERTS & SMITH, LTD.**
   1130 Wigwam Parkway
17 Henderson, NV  89074
   Phone: 702.388.1216
18 Fax: 702.388.2514
   *Attorneys for Plaintiff Cirena Torres*

19                **UNITED STATES DISTRICT COURT**

20                      **DISTRICT OF NEVADA**

21 CIRENA TORRES, on behalf of herself and all        Case No. 2:14-cv-02223-MMD-PAL
   others similarly situated,
22
23                      Plaintiffs,
                                                       **STIPULATION AND**
24 vs.                                                 **SETTLEMENT AGREEMENT**

25 KWONG YET LUNG CO., INC.
   (d/b/a International Marketplace), and DOES 1
26 through 100, inclusive,

27                      Defendants.

28

                                     1

This Stipulation and Settlement Agreement (the "**Settlement Agreement**") is made as of September 30, 2015, by, between and among, defendant Kwong Yet Lung Co., Inc. (d/b/a International Marketplace) ("**International Marketplace**" or "**Defendant**") and plaintiff Cirena Torres ("**Torres**" or "**Plaintiff**"), on behalf of herself and the Settlement Class.

## I.   CONDITIONAL NATURE OF THE STIPULATION AND SETTLEMENT AGREEMENT

1.    This Settlement Agreement is made for the sole purpose of attempting to consummate settlement of this Action on a class-wide basis.  The Settlement Agreement is made in compromise of disputed claims and is expressly conditioned on the entry of a final order and judgment approving the form and substance of the Settlement Agreement.

## II.   DEFINITIONS

2.    The following terms not otherwise defined in this Settlement Agreement, and for the purpose of this Settlement Agreement and its attached exhibits, shall have the following meanings:

A.    "**Action**" shall mean the lawsuit filed by Torres against International Marketplace on December 31, 2014, in the U.S. District Court for the District of Nevada and entitled *Cirena Torres, on behalf of herself and all others similarly situated, v. Kwong Yet Lung Co., Inc. (d/b/a International Marketplace), and DOES 1 through 100, inclusive*, Case No. 2:14-cv-02223-MMD-PAL.

B.    "**Claims Administrator**" shall mean Dahl Administration LLC, the designated third-party who will act as settlement administrator.

C.    "**Claim Form**" shall mean the claim form, or its electronic version made available on the Settlement Website, which a Settlement Class member may use to submit a claim for a Gift Card.  The Claim Form will appear substantially in the form attached hereto as Exhibit

2

D.

D.       **"Class Counsel"** shall refer to the following attorneys who represent Torres and the Settlement Class:

> Chant Yedalian
> CHANT & COMPANY
> A Professional Law Corporation
> 1010 N. Central Ave.
> Glendale, CA 91202
> Telephone: (877) 574-7100
> Facsimile: (877) 574-9411
>
> Kenneth M. Roberts
> DEMPSEY, ROBERTS & SMITH, LTD.
> 1130 Wigwam Parkway
> Henderson, NV 89074
> Telephone: (702) 388-1216
> Facsimile: (702) 388-2514

E.       **"Class Notice"** shall collectively mean the Store Notice, Postal Notice, and Full Notice.

F.       **"Court"** shall refer to the U.S. District Court for the District of Nevada in which the Action is pending.

G.       **"Defendant"** and **"International Marketplace"** shall refer to the defendant in the Action, Kwong Yet Lung Co., Inc. d/b/a International Marketplace.

H.       **"International Marketplace Counsel"** shall refer to the following attorneys who are counsel for International Marketplace:

> Jacques Chen
> 2029 Century Park East, Suite 400
> Los Angeles, California 90067
> Telephone: (310) 201-4382
> Facsimile: (866) 425-6035
>
> Rachel Kingrey
> GARDERE WYNNE SEWELL LLP
> 1601 Elm Street, Suite 3000
> Dallas, Texas 75201
> Telephone: (214) 999-3000

Facsimile: (214) 999-4667

David A. Carroll
Anthony J. Diraimondo
RICE REUTHER SULLIVAN & CARROLL, LLP
3800 Howard Hughes Parkway, Suite 1200
Las Vegas, Nevada 89169
Telephone: (702) 732-9099
Facsimile: (702) 732-7110

I.    "**International Marketplace Store**" shall refer to the store located at 5000 S. Decatur Boulevard, Las Vegas, Nevada 89118 and any other location(s) to which International Marketplace may relocate or open a new store(s).

J.    "**Effective Date**" shall mean the date on which the final order and judgment (the "**Judgment**") entered by the Court become Final.

K.    "**Fairness Hearing**" shall mean the final hearing on the fairness, reasonableness, and adequacy of this Settlement Agreement and the settlement contained therein. The Parties will seek a Fairness Hearing approximately one hundred and five (105) days after the entry of the Court's order granting preliminary approval of this Settlement Agreement, or as soon thereafter as possible.

L.    "**Final**" means the latest of: (i) the expiration of all allowable periods for appeal or discretionary appellate review without an appeal or request for discretionary appellate review having been filed, or (ii) final affirmance of the judgment on appeal or remand, or final dismissal or denial of all such appeals and requests for discretionary review. The Court shall retain continuing jurisdiction over the interpretation, implementation and enforcement of the settlement.

M.    "**Full Notice**" shall mean the notice that shall be displayed on the Settlement Website. The Full Notice will appear substantially in the form attached hereto as Exhibit C.

N.    "**Parties**" shall mean International Marketplace and Torres (individually and as a representative of the Settlement Class), collectively.

4

O.     "**Party**" shall mean International Marketplace or Torres (individually and as a representative of the Settlement Class).

P.     **"Preliminary Approval Order"** shall refer to the order concerning preliminary approval of this Settlement Agreement as contemplated in paragraph 9 and substantially in the form attached hereto as Exhibit E.

Q.     "**Postal Notice**" shall refer to the summary notice mailed to those Settlement Class members whose postal addresses are known.  The Postal Notice shall be substantially in the form attached hereto as Exhibit A.

R.     "**Settlement Agreement**" shall refer to this document and all of the exhibits attached hereto.  Each exhibit attached to this document is incorporated into this document by this reference as though fully set forth herein.

S.     "**Settlement Class**" shall mean all consumers who, at any time during the period December 31, 2012 to December 13, 2014 (the "**Settlement Class Period**"), were provided an electronically printed receipt at the point of a sale or transaction at the International Marketplace Store, on which receipt was printed more than the last 5 digits of the credit card or debit card number and/or the expiration date of the consumer's credit card or debit card.

T.     "**Settlement Website**" shall mean the internet website www.recieptsettlement.com established and maintained by the Claims Administrator.

U.     "**Store Notice**" shall refer to the summary notice, copies of which will be posted at the International Marketplace Store.  The Store Notice will appear substantially in the form attached hereto as Exhibit B.

### III.     RECITALS

3.     Torres' Claims. On December 31, 2014, Torres filed her Class Action Complaint entitled *Cirena Torres, on behalf of herself and all others similarly situated, v. Kwong Yet Lung*

5

*Co., Inc. (d/b/a International Marketplace), and DOES 1 through 100, inclusive*, in the United States District Court for the District of Nevada, Case No. 2:14-cv-02223-MMD-PAL (the "Complaint"). In the Complaint, Torres alleges that after December 3, 2006, and within two years from the date of filing this Action, International Marketplace, at the point of a sale or transaction with Torres, provided Torres with one or more electronically printed receipts on each of which International Marketplace printed more than the last 5 digits of Torres's credit card or debit card number, the expiration date of Torres's credit card or debit card, the brand of the card, and Torres's name.  Torres alleges that International Marketplace willfully and intentionally violated the Fair and Accurate Credit Transaction Act ("FACTA").  Torres alleges that after December 4, 2006, and within two years from the date of filing this Action, International Marketplace willfully and intentionally provided members of the Settlement Class with electronically printed credit card or debit card receipts at the International Marketplace Store, which displayed more than the last five digits of a credit card or debit card number, printed the expiration date of a credit card or debit card, the brand of the card, and the name of the cardholder. Torres alleges that International Marketplace is liable to Torres and members of the Settlement Class for statutory damages from $100 to $1,000 for each alleged violation of FACTA. Torres alleges that she and members of the Settlement Class are also entitled to recover costs of their suit, reasonable attorneys' fees, and punitive damages.

4.  <u>International Marketplace Denial of Wrongdoing</u>.  International Marketplace expressly denies all liability for damages, penalties, interest, fees, restitution, and all other forms of relief as well as the class action allegations asserted in the Action. International Marketplace specifically objects to the Complaint's definition of the putative class as overbroad, lacking in numerosity, typicality, and commonality, as an inferior method for adjudicating the Action, and otherwise legally defective, deficient, and not worthy of certification per the Federal Rules of Civil

Procedure except for settlement purposes only. International Marketplace further denies any and all allegations that it engaged in intentional or willful misconduct.

5.      <u>Torres's Reasons for Settlement</u>. Torres agreed to the relief on behalf of the Settlement Class following exchanges of information with Defendant, legal and factual investigation and analysis, and arm's-length negotiations, including but not limited to a mediation before the Honorable Philip Pro (Ret.). Torres recognizes the risks associated with further litigation against International Marketplace through trial and possible appeals, the difficulty and expense in pursuing such litigation, and the uncertainty of the outcome. Torres deems it desirable and beneficial to the Settlement Class that the Action be settled in this manner and upon the specified terms and conditions set forth herein.

6.      <u>Best Interests of the Settlement Class</u>.  Based upon the foregoing reasons set forth in paragraph 5, Torres and Class Counsel have concluded that the terms and conditions of this Settlement Agreement are fair, reasonable, and adequate to the Settlement Class members and are in their best interests.

7.      <u>International Marketplace's Reasons for Settlement</u>. International Marketplace agreed to the relief for the Settlement Class following extended negotiations and mediation. International Marketplace recognizes litigating the Action would be protracted and expensive for all Parties and for that reason finds settlement is desirable.  International Marketplace also has taken into account the fact that there is always uncertainty as to the outcome of litigation. International Marketplace therefore deems it desirable and beneficial that the Action be settled in the manner and upon the terms and conditions set forth herein.

## IV.      SETTLEMENT AGREEMENT

8.      In consideration of the foregoing and other good and valuable consideration received in this Settlement Agreement, Torres, Class Counsel, International Marketplace, and

International Marketplace Counsel stipulate and agree that the claims of Torres and the Settlement Class should be, and hereby are, compromised and settled, subject to the approval of the Court, upon the terms and conditions set forth below.

9.      Duties of the Parties in Connection With Preliminary Court Approval of the Settlement. Each Party hereby stipulates and agrees, solely for purposes of consummation and fulfillment of this Settlement Agreement, to the certification of the Settlement Class. As part of a motion for preliminary approval of the settlement, the Parties agree to present the Settlement Agreement to the Court for preliminary approval within 15 days of its execution. The motion for preliminary approval will seek an order:

(a)      Preliminarily approving this Settlement Agreement;

(b)      Conditionally certifying a Settlement Class as defined in this Settlement Agreement for settlement purposes;

(c)      Appointing Torres as class representative for the Settlement Class for settlement purposes;

(d)      Appointing Class Counsel as counsel for the Settlement Class for settlement purposes;

(e)      Approving the means of notice to the Settlement Class, as well as the form and substance of the proposed Class Notice, and finding that the Class Notice constitutes the best notice practicable under the circumstances and that it is sufficient notice;

(f)      Directing notice to be made to Settlement Class members as described in this Settlement Agreement;

(g)      Establishing deadlines for Settlement Class members to submit a request to opt-out of the settlement, to submit objections to the settlement and to request to appear or be heard at the Fairness Hearing;

8

(h)     Directing that, pending final determination of whether the proposed settlement should be approved, no Settlement Class member either directly, derivatively, in a representative capacity, or in any other capacity, shall commence, maintain or prosecute against Defendant, any action or proceeding in any court or tribunal asserting any claim covered by this Settlement Agreement, unless and until such Settlement Class member excludes itself from the settlement by timely sending a request for exclusion to the Claims Administrator as set forth in paragraph 13, below; and

(i)     Scheduling a fairness hearing to determine whether the settlement should be finally approved as fair, reasonable and adequate as to the members of the Settlement Class.

10.     Effect of Modification of the Preliminary Approval Order.  If the Court does not enter the Preliminary Approval Order in substantially the same form submitted by the Parties, or if it enters a preliminary approval order that makes material changes to the settlement terms (including the substance of or manner by which Class Notice is made), International Marketplace shall have the option of terminating the Settlement Agreement, at its sole discretion, by providing written notice to Class Counsel within five (5) days from the date that the Court enters a preliminary approval order.  If International Marketplace exercises this option, the Settlement Agreement shall be deemed null and void *ab initio*.

11.     Duties of the Parties in Connection With Final Court Approval of the Settlement. At least 30 days before the final Fairness Hearing set by the Court, Torres and International Marketplace will file a joint motion for final approval of the settlement and Torres and Class Counsel will file a motion for an award of Class Counsel's attorneys' fees and costs and for service (or incentive) award to Torres. Torres and International Marketplace will submit a proposed final order and judgment:

(a)  Approving the settlement contained in this Settlement Agreement, adjudicating the terms of the settlement contained in this Settlement Agreement to be fair, reasonable and adequate, and directing completion of its terms and provisions;

(b)  Adjudicating that the releases contained in paragraphs 24 and 25 of this Settlement Agreement bind each Settlement Class member who does not timely opt out of the settlement contained in this Settlement Agreement;

(c)  Determining, as appropriate, an award to Torres as compensation for her service as the class representative for the Settlement Class;

(d)  Awarding Class Counsel reasonable attorneys' fees and costs consistent with paragraph 21;

(e)  Dismissing this Action in its entirety with prejudice; and

(f)  Retaining continuing jurisdiction over the interpretation, implementation and enforcement of the settlement.

12.  <u>Class Notice to the Settlement Class and Administration of the Settlement.</u>  Subject to Court approval, the Parties agree that a Claims Administrator, paid for by International Marketplace, will administer the settlement contained in this Settlement Agreement.  International Marketplace will pay, separately and directly, all costs and expenses of the Class Notice and settlement administration (including, but not limited to, the Postal Notice, Store Notice, Full Notice, the Claims Administrator's fees, costs and expenses, facsimile number, and toll-free call-in number). These fees, costs and expenses shall be separate from, and in addition to, the Class Counsel Attorneys' fees and costs and the Class Representative's incentive award. The Claims Administrator will provide the Settlement Class with notice of the proposed Settlement Agreement by Postal Notice, Store Notice, and Full Notice as follows:

      (a)     Postal Notice. International Marketplace will provide Postal Notice (using a postcard) mailed to any Settlement Class member for whom a mailing address is known.  The Postal Notice shall be mailed no later than fifteen (15) days following the Court's entry of an order granting preliminary approval of the settlement contained in this Settlement Agreement.  Not later than thirty (30) days before the Fairness Hearing, a representative or representatives of International Marketplace shall file with the court a declaration(s) of compliance attesting that the Postal Notice has been posted as required by this paragraph 12(a).

      (b)     Store Notice. International Marketplace will post in the International Marketplace Store a copy of the Store Notice at each and every cashier booth (such that each is conspicuously posted and visible to customers) for a period of one hundred eighty (180) days commencing no later than fifteen (15) days following the Court's entry of an order granting preliminary approval of the settlement contained in this Settlement Agreement. Not later than thirty (30) days before the Fairness Hearing, a representative or representatives of International Marketplace shall file with the court a declaration(s) of compliance attesting that the Store Notice has been posted as required by this paragraph 12(b).

      (c)     Full Notice. Commencing no later than fifteen (15) days following the Court's entry of an order granting preliminary approval of the settlement and continuing at least through the last day on which Settlement Class members may submit a Claim Form, the Claims Administrator will post a viewable and printable Full Notice on a website to be created and maintained by the Claims Administrator at www.recieptsettlement.com.  The Settlement Website shall also contain a summary description of the settlement terms and summarize options available to Settlement Class members.  Not later than thirty (30) days before the Fairness Hearing, a representative or representatives of the Claims Administrator shall file with the court a

declaration(s) of compliance attesting that the Settlement Website has been established and is being maintained and the Full Notice has been posted as required by this paragraph 12(c).

13.     Exclusion From Settlement Class. Settlement Class members will have until sixty (60) days after the date the Store Notice is first posted at the International Marketplace Store to exclude themselves from the Settlement Class (the "Opt-Out Deadline").   Settlement Class members may opt out by timely sending to the Claims Administrator a written request for exclusion postmarked no later than the Opt-Out Deadline.  Settlement Class members who opt-out of the Settlement Class by the Opt-Out Deadline: (i) will not be a part of the settlement contained in this Settlement Agreement; (ii) will have no right to receive any benefits under the settlement contained in this Settlement Agreement; (iii) will not be bound by the terms of the Settlement Agreement; and (iv) will not have any right to object to the terms of the settlement contained in this Settlement Agreement or be heard at the Fairness Hearing.

14.     Objections to the Settlement or to the Fee Motion or Incentive Award.

(a)     Any Settlement Class member, on his or her own, or through an attorney hired at his or her own expense, may object to the terms of the settlement contained in this Settlement Agreement.

(b)     Any Settlement Class member, on his or her own, or through an attorney hired at his or her own expense, may object to Class Counsel's motion for an award of attorney's fees and costs and/or the Class Representative's motion for service (or incentive) award.  Such motion will be posted by the Claims Administrator on the Settlement Website no later than thirty (30) days before the Fairness Hearing scheduled by the Court.

15.     Settlement Class Members' Expense. Settlement Class members who seek exclusion from the Settlement Class or this Settlement Agreement (or the settlement contained herein) or object to the Settlement Class or this Settlement Agreement (or the settlement contained

herein) may retain counsel at their own expense.  Settlement Class members who choose to retain their own counsel will be responsible for their own attorneys' fees, costs, and expenses incurred.

16. <u>Requests to Appear</u>.  Settlement Class members may ask the Court for permission to speak at the Fairness Hearing.  Unless otherwise permitted by the Court, the Court will consider such a request from a Settlement Class member only if such a member timely files and serves a letter which states that it is the Settlement Class member's "Notice of Intention to Appear in *Cirena Torres, et al. v. Kwong Yet Lung Co., Inc. (d/b/a International Marketplace), et al.*, Case No. 2:14-cv-02223-MMD-PAL" and includes the Settlement Class member's name, current address, telephone number, and signature (a "Notice of Intention to Appear").  To be timely, a Notice of Intention to Appear concerning Class Counsel's motion for an award of attorneys' fees and costs and/or the Class Representative's motion for service (or incentive) award must be postmarked no later than twenty-one (21) days before the Fairness Hearing.  To be timely, a Notice of Intention to Appear concerning any other matter about the Settlement must be postmarked no later than sixty (60) days after the date Store Notice is first posted at the International Marketplace Store.  Any Notice of Intention to Appear must be sent by mail to the Clerk of the Court and to the Claims Administrator. Any Settlement Class member who fails to make a timely written Notice of Intention to Appear shall be foreclosed from speaking at the Fairness Hearing, unless otherwise ordered by the Court.

17. <u>Settlement Fairness Hearing</u>. A Fairness Hearing shall be held approximately 105 days after the entry of an order granting the preliminary approval of the settlement, or as soon thereafter as possible, and in such place as the Court shall determine.

18. <u>Settlement Benefits to the Settlement Class</u>.

(a) <u>Gift Cards to the Settlement Class Members</u>. Each Settlement Class member, after submission of a Claim Form subject to the conditions described below, will be

eligible to receive one gift card with a value of $50.00 valid towards any purchase of a good or service at the International Marketplace Store (a "Gift Card"). Each Settlement Class member may submit only one Claim Form regardless of the number of credit or debit card transactions made by that Class Member during the Settlement Class Period, and International Marketplace is only obligated to distribute one Gift Card per Settlement Class member. Each Gift Card (i) will be fully transferable to any and all other persons, (ii) shall not expire, (iii) shall not be redeemable for cash, (iv) may only be used to make a purchase of any good or service at the International Marketplace Store, and (v) is not a coupon nor does it have the attributes of a coupon.

(b)      10,000 Minimum Number Of International Marketplace Gift Cards To Be Distributed.   10,000 is the minimum number of International Marketplace Gift Cards to be distributed as part of this settlement.  In the event that the number of valid claims is less than 10,000, the number of valid claims shall be deducted from 10,000 and the resulting amount shall be the number of Gift Cards that shall be distributed in an appropriate *cy pres* distribution.  Thus, for example, if there are 1,000 valid claims submitted, 1,000 Gift Cards would be distributed to those valid claimants; then, 1,000 would be subtracted from the 10,000 minimum Gift Card distribution and the resulting amount, 9,000 Gift Cards, would be distributed in an appropriate *cy pres* distribution.  The *cy pres* distribution will consist of the distribution to one or more appropriate charities. If, however, for any reason, any or all of the charities proposed by the Parties are not approved by the Court, or if the Court determines that distribution to charity is not an appropriate method for the disposition of residual Gift Cards, any such decision by the Court shall not affect the enforceability of the settlement because the Parties agree that the residual Gift Cards shall be distributed in any manner approved by the Court.  Thus, if the Court does not approve any or all of the Parties' selected charities, the Parties and/or the Court shall select one or more alternative charities that, in the Court's view, would be a proper recipient(s) of the residual Gift

14

Cards.  If the Court determines that distribution to charity is not an appropriate method for the disposition of the residual Gift Cards, the residual Gift Cards shall be distributed as the Court deems appropriate. International Marketplace will distribute the residual Gift Cards no later than seventy-five (75) days after the last day by which Settlement Class members may submit a Claim Form .

        (c)     <u>FACTA Compliance Policy</u>. Not later than twenty (20) days after the Effective Date, Defendant shall implement a written FACTA compliance policy, stating that it shall comply with FACTA, 15 U.S.C. Section 1681c(g), and that it shall not print more than the last five digits of the credit or debit card number nor the credit or debit card expiration date upon any electronically printed receipt provided to any credit or debit cardholder at the point of any sale or transaction.

        19.    <u>Claim Form</u>. To be entitled to receive a Gift Card as defined under this Settlement Agreement, Settlement Class members must accurately complete and submit a Claim Form no later than one hundred and eighty (180) days from the date of posting the Store Notice at the International Marketplace Store.  A Claim Form may be submitted electronically through the Settlement Website displayed on the internet website www.recieptsettlement.com, by mail, or by facsimile. The Claims Administrator will review the Claim Forms submitted for completeness, validity, accuracy, and timeliness. The Claims Administrator, upon notice to Class Counsel and International Marketplace Counsel, shall have the right to communicate with any Settlement Class member to request additional information for purposes of determining the validity of any Claim Form submitted by such Settlement Class member. Any Settlement Class member who fails to submit a valid and timely Claim Form shall receive no benefits under the settlement contained in this Settlement Agreement.

20.    <u>Disputed Claims</u>. In the event of any dispute over the timeliness or validity of any Claim Form submitted under this Section, the Parties shall meet and confer in good faith for the purpose of resolving the dispute.

21.    <u>Class Counsel Attorneys' Fees and Costs</u>. Class Counsel agrees that their application for Class Counsel attorneys' fees and costs will not exceed the sum of $135,000. Defendant agrees not to object to, oppose or otherwise contest Class Counsel's application for Class Counsel attorneys' fees and costs in the sum of $135,000. Defendant will pay Class Counsel attorneys' fees and costs award directly and separately, if and when issued by the Court, by delivering a check to Class Counsel, payable to "Chant & Company A Professional Law Corporation," within ten (10) days after the occurrence of the Effective Date.  Class Counsel shall provide counsel for International Marketplace with the pertinent taxpayer identification number and a Form W-9 for reporting purposes. Other than any reporting of this fee payment as required by this Settlement Agreement or law, which International Marketplace shall make, Class Counsel shall alone be responsible for the reporting and payment of any federal, state, and/or local income tax or other form of tax on any payment made pursuant to this paragraph.

22.    <u>Class Representative Incentive Award</u>.  International Marketplace agrees not to object to, oppose or otherwise contest the Class Counsel's application for a Class Representative incentive (service) award of up to $5,000. Defendant will pay the Class Representative incentive (service) award directly and separately, if and when issued by the Court, by delivering a check to Class Counsel, payable to "Cirena Torres," within ten (10) days after the occurrence of the Effective Date. The Class Representative incentive (service) award will be in addition to any other benefit to which Torres will be entitled under the Settlement Agreement as a Settlement Class member.

23.     <u>Scope and Effect of Final Order and Judgment</u>. The final order and Judgment shall be binding upon, and inure to the benefit of Torres, each member of the Settlement Class that does not timely opt-out of the settlement, and International Marketplace and each of their respective past, present and future heirs, trustees, executors, administrators, successors and assigns. The Parties to this Settlement Agreement intend the settlement to be a final and complete resolution of all claims released herein.

24.     <u>Release by the Settlement Class</u>.

As of the Effective Date, and except as to such rights or claims created by the settlement contained in this Settlement Agreement, Torres and each Settlement Class member who does not timely opt-out of the settlement forever discharge and release Defendant, as well as its predecessors, successors, affiliates, officers, shareholders, directors, employees, attorneys, and agents, from any and all suits, claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, actions or causes of action, in law or equity, of whatever kind or nature, direct or indirect, known or unknown, arising out of the facts alleged in Plaintiff's Complaint, including allegations of FACTA violations, from December 31, 2012 up to and including December 13, 2014.

25.     <u>California Civil Code Section 1542</u>.

With respect to the releases set forth in paragraph 24 above, Torres and each Settlement Class member who does not timely opt-out of the settlement acknowledge and expressly waive any and all rights conferred by California Civil Code Section 1542, which states:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF**

17

**KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

With respect to the releases set forth in paragraph 24 above, Torres and each Settlement Class member who does not timely opt-out of the settlement also waive any and all rights conferred by any law of any state or territory of the United States, or principle of common law, that is similar, comparable or equivalent to California Civil Code Section 1542.  Torres and each Settlement Class member who does not timely opt-out of the settlement acknowledge that they may learn facts in addition to or different from facts known or believed to be known on the date of preliminary approval of the settlement.  Nevertheless, Torres and each Settlement Class member who does not timely opt-out of the settlement waive all claims relating to such unknown or different facts with respect to the releases set forth in paragraph 24 above.

26.     Termination of Settlement. In the event that the Court does not approve the Settlement Agreement, or in the event the Effective Date does not occur, then: (a) International Marketplace shall not issue any Gift Cards nor transmit, pursuant to this Settlement Agreement, the Class Counsel's attorneys' fees or costs or an incentive award to the Class Representative; and (b) the Parties shall be deemed to have reverted to their respective status and position in the Action prior to the negotiation and execution of the Settlement Agreement.  Moreover, all discussions concerning this Settlement Agreement shall be deemed confidential settlement communications that cannot be used in evidence, or for any purpose, against or by any Party in the Action or any other action or proceeding.  Neither this Settlement Agreement nor the settlement contemplated herein, whether or not approved or consummated, nor any proceedings taken pursuant to it, shall be offered or received against International Marketplace as evidence of, or construed as, or deemed to be evidence of any concession or admission by International Marketplace of any liability or

wrongdoing whatsoever or give rise to any presumption or inference of such liability or wrongdoing.

27. <u>Mutual Full Cooperation to Effectuate Settlement</u>. The Parties agree to fully cooperate and take all steps necessary and appropriate to effectuate the settlement contained in the Settlement Agreement, including but not limited to the execution of documents and any other action reasonably necessary to implement the terms of the settlement contained in the Settlement Agreement.  The Parties shall diligently work together to seek preliminary and final court approval of the Settlement Agreement.

28. <u>Exhibits</u>. All of the exhibits to the Settlement Agreement are material and integral parts hereof and are fully incorporated herein by reference.

29. <u>Class Counsel Authorization</u>. Given the size of the Settlement Class, it is impossible or impractical to have each member of the Settlement Class execute this Settlement Agreement. The Full Notice to the Settlement Class described above will advise all members of the Settlement Class of the binding nature of the releases in this Settlement Agreement.  Such Full Notice, when approved by the Court and completed by the Parties, will have the same force and effect as if this Settlement Agreement were executed by each member of the Settlement Class who does not timely opt out of the settlement.

30. <u>No Tax Advice</u>.   No provision of this Settlement Agreement, and no written communication or disclosure between or among the Parties or their attorneys and other advisers, is or was intended to be, nor will be construed or relied upon as, tax advice.  Each of the Parties has relied exclusively upon his, her or its own independent legal and tax advisers for advice (including tax advice) in connection with this Settlement Agreement.  None of the Parties has entered into this Settlement Agreement based upon the recommendation of any of the other Parties or any attorney or advisor to any of the other Parties.

31.     <u>Warranties</u>. Each signatory to this Settlement Agreement hereby warrants that there are no liens or claims of lien or assignments in law or in equity or otherwise of or against any of the claims or causes of action released herein. Each signatory also warrants he/she has the authority to execute this Settlement Agreement and thereby binds the respective Party.

32.     <u>Binding Effect of this Settlement Agreement</u>. The terms of this Settlement Agreement shall inure to the benefit of, and be binding upon the Parties and their respective heirs, trustees, legal representatives, executors, administrators, successors, and assigns.

33.     <u>Integration Clause</u>. This Settlement Agreement and its attached exhibits state the entire Settlement Agreement of the Parties with respect to the matters discussed herein, and they supersede all prior or contemporaneous oral or written understandings, settlement agreements, statements, or promises.

34.     <u>Modifications in Writing Only</u>. This Settlement Agreement may not be amended or modified in any respect except by a later dated written instrument duly executed by all of the Parties to this Settlement Agreement or their counsel and approved by the Court.

35.     <u>Headings</u>. The headings and captions contained in this Settlement Agreement are inserted only as a manner of convenience and in no way define, limit, extend, or describe the scope of this Settlement Agreement or the intent of any provision thereof.

36.     <u>Recitals.</u> Each of the Recitals is incorporated herein by this reference and shall become part of the Settlement Agreement.

37.     <u>Counterparts</u>. This Settlement Agreement may be executed and delivered in one or more counterparts, each of which, including but not limited to pages transmitted by facsimile or in electronic PDF file format, when so executed and delivered, shall be deemed to be an original, and this Settlement Agreement is effective upon execution of at least one counterpart by each Party to this Settlement Agreement.

38.     <u>Terminology and Construction</u>. All personal pronouns used in this Settlement Agreement, whether used in the masculine, feminine, or neuter gender, shall include all other genders, and the singular shall include the plural and vice versa.

39.     <u>Settlement Agreement Drafted by All Parties</u>. This Settlement Agreement has been, and shall be construed to have been, drafted by all the Parties to it, so that any rule which construes ambiguities against the drafter shall have no force or effect. The terms of the Settlement Agreement are contractual and are the product of negotiations between the Parties and their counsel. Each Party and their counsel cooperated in the drafting and preparation of the Settlement Agreement. In any construction of the Settlement Agreement, the Settlement Agreement shall not be construed against any Party. Any canon of contract interpretation to the contrary, under the law of any state, shall not be applied.

40.     <u>List of Exhibits</u>. The following exhibits are attached hereto:

Exhibit A        Form of Postal Notice;

Exhibit B        Form of Store Notice;

Exhibit C        Form of Full Notice;

Exhibit D        Form of Claim Form;

Exhibit E        Form of Preliminary Approval Order.

41.     <u>Intervening Change of Law</u>. The Parties agree and intend that this Settlement Agreement and its validity and enforceability shall not be affected by any future change, modification, reversal or clarification of the law, nor shall any future change, modification, reversal or clarification of the law provide either of the Parties with grounds to oppose preliminary or final approval of this Settlement Agreement.

42.     <u>Notices to Counsel</u>. Subject to the right of each of the Parties to designate another address and/or email address should such change, notices (other than Class Notice) shall be in writing and delivered by hand-delivery or first-class mail <u>and</u> e-mail to the parties as follows:

(a)     Notice to Torres shall be made by: (i) hand-delivery or first-class mail to Chant Yedalian, Chant & Company A Professional Law Corporation, 1010 N. Central Avenue, Glendale, California 91202; and (ii) e-mail to chant@chant.mobi. Notice shall be deemed given when so delivered or e-mailed.

(b)     Notice to International Marketplace shall be made by: (i) hand-delivery or first class mail to the following: Jacques Chen, 2029 Century Park East, Suite 400, Los Angeles, California 90067; and (ii) e-mail to jchen028@gmail.com. Notice shall be deemed given when so delivered or e-mailed.

43.     <u>Signatures</u>. The Parties have executed and delivered this Settlement Agreement, by and with the advice and review by their respective counsel, and made it effective as of the date set forth in the beginning of this Settlement Agreement.

1  **COUNSEL FOR CIRENA TORRES AND THE SETTLEMENT CLASS**

2

3  By:_____

4      Chant Yedalian of Chant & Company A Professional Law Corporation

5

6  **PLAINTIFF**

7

8  By:_____

9      Cirena Torres
       Settlement Class Representative

10

11  **COUNSEL FOR DEFENDANT**

12

13  By:_____

14      Jacques Chen

15

16  **KWONG YET LUNG CO., INC. (D/B/A INTERNATIONAL MARKETPLACE)**

17

18  By:_____
        Name: _____
19      As Its: _____

20

21

22

23

24

25

26

27

28

23

1  **COUNSEL FOR CIRENA TORRES AND THE SETTLEMENT CLASS**

2

3  By:_____

4      Chant Yedalian of Chant & Company A Professional Law Corporation

5

6  **PLAINTIFF**

7

8  By:_____

9      Cirena Torres
        Settlement Class Representative

10

11 **COUNSEL FOR DEFENDANT**

12

13 By: *Jacques Chen* *with permission by Rachel Kenney*

14     Jacques Chen

15

16 **KWONG YET LUNG CO., INC. (D/B/A INTERNATIONAL MARKETPLACE)**

17

18 By:_____
   Name: *Joyce Kwan*

19 As Its: *President*

20

21 Gardere01 - 7151690v.1

22

23

24

25

26

27

28

                                        23

**LEGAL NOTICE**

If you are a consumer who received a receipt at the International Marketplace store located at 5000 S. Decatur Boulevard, Las Vegas, Nevada 89118 ("International Marketplace Store") at any time from December 31, 2012 to December 13, 2014, while using your credit or debit card, you may be a class member in a lawsuit known as *Cirena Torres, et al., v. Kwong Yet Lung Co., Inc. (d/b/a International Marketplace).et al.*, Case No. 2:14-cv-02223, pending in the U.S. District Court for the District of Nevada. The parties to that lawsuit have reached a proposed settlement of this class action, and if you are a class member, the settlement will affect your legal rights.

Class members who submit a claim form in a timely fashion are eligible to receive a single $50.00 Gift Card redeemable toward any purchase at the International Marketplace Store. To obtain a Gift Card, you must timely submit a claim form that includes one of the following: (a) original or copy of your store receipt that displays more than the last five (5) digits of the credit or debit card number and/or the expiration date of your credit or debit card, (b) an original or copy of your credit or debit card statement showing that you made a transaction at the store between December 31, 2012 and December 13, 2014, or (c) your International Marketplace member number and a representation that you made at least one purchase from the store during the applicable class period using either a credit or debit card. Each class member will only be entitled to one Gift Card.

Claim forms and more information about the settlement are available at the Settlement Website, www.ReceiptSettlement.com.

You must submit a claim form on or before _____, 2016, to make a claim under the proposed settlement.

Alternatively, if you'd like to exclude yourself from the settlement, you must act on or before _____, 2015.  If you do not exclude yourself, and if the settlement is approved and becomes final, you will be deemed to have released International Marketplace and other related persons and entities from the claims described in the Full Notice on the Settlement Website.

A fairness hearing will be held on _____, 2016. **YOU ARE NOT REQUIRED TO ATTEND THIS HEARING.**

This is a summary notice.  For more detailed information, including other deadlines, please visit the Settlement Website at www.ReceiptSettlement.com, call the Settlement Administrator at 1-866-712-1934, or call or write Class Counsel Chant Yedalian, of Chant & Company A Professional Law Corporation, at 877-574-7100, 1010 N. Central Avenue, Glendale, California 91202.

---

**If you received a credit card or debit card receipt from International Marketplace, a class action settlement may affect your rights.  You may be entitled to a $50 Gift Card.**

**Your rights may be affected whether you act or don't act. Please read this notice carefully.**

RECEIPT SETTLEMENT
C/O DAHL ADMINISTRATION
P.O. BOX 3614
MINNEAPOLIS MN 55403-0614

PRESORT
FIRST CLASS
US POSTAGE
**PAID**
PERMIT NO 17
FARIBAULT MN

<<BARCODE>>

CLAIM ID: <<DAHLID>>
<<NAME>>
<<ADDR1>>
<<ADDR2>>
<<CITY>>  <<ST>> <<ZIP>>



Exhibit A

# <u>LEGAL NOTICE</u>

**If you received a credit card or debit card receipt from this International Marketplace store at any time from December 31, 2012 to December 13, 2014, a class action settlement may affect your rights, and you may be entitled to a gift card in the amount of $50.00.**

This notice is only a summary.

For more information, please visit
**www.ReceiptSettlement.com** or call **1-866-712-1934**.

Exhibit B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| CIRENA TORRES, on behalf of herself and all others similarly situated,<br><br>                            Plaintiff,<br><br>v.<br><br>KWONG YET LUNG CO., INC. (d/b/a International Marketplace), and DOES 1 through 100, inclusive,<br><br>                            Defendants. | Case No.: 2:14-CV-02223-MMD-PAL<br><br>Hon. Miranda M. Du |

## NOTICE OF CLASS ACTION LAWSUIT AND SETTLEMENT
### READ THIS NOTICE CAREFULLY, YOUR LEGAL RIGHTS MAY BE AFFECTED

You may be a part of a pending class action lawsuit against Kwong Yet Long Co., Inc. d/b/a International Marketplace ("International Marketplace"), and your legal rights may be affected by the lawsuit and a proposed settlement of the lawsuit.  Please read the rest of this notice to find out more.

## WHAT IS THIS ABOUT?

There is now pending in the U.S. District Court for the District of Nevada a lawsuit entitled *Torres v. Kwong Yet Long Co., Inc., d/b/a International Marketplace*, Civil Action No. 2:14-cv-02223-MMD-PAL (the "Action").

The Action was filed by Plaintiff Cirena Torres ("Torres"), on her behalf and on behalf of the class of people described below, as a class action lawsuit against International Marketplace.

The Action alleges that International Marketplace willfully and intentionally violated a federal law known as the Fair and Accurate Credit Transaction Act or FACTA (15 U.S.C. § 1681c(g), *et seq*.).  Specifically, Torres alleges that International Marketplace violated FACTA when customers received credit card or debit card receipts showing more than the last five digits of their credit card or debit card number and/or their card's expiration date.

International Marketplace denies any wrongdoing and any liability whatsoever, and the Court has not made any judgment or other determination of any liability.

The parties and their attorneys are not aware of any class member that has sustained any actual injury as a result of the issues in dispute in this litigation.  FACTA requires that the card expiration date and all but the last five digits of the card number must not be shown on credit card or debit card receipts presented to customers at the point of sale or transaction.



## WHY IS THIS A CLASS ACTION?

In a class action, one or more people called Class Representatives (in this case Cirena Torres) sue on behalf of people with similar claims. All of these people are a Class or Class Members. One court resolves the issues for all Class Members except for those who exclude themselves from the Class. U.S. District Court Judge Miranda M. Du is in charge of this class action.

## WHY IS THERE A SETTLEMENT?

The Court did not decide in favor of International Marketplace or Torres. Torres believes she would have prevailed at trial. International Marketplace believes Torres would not have prevailed at trial. But there was no trial. Instead, both sides agreed to a settlement. That way, they avoided the cost of a trial, and the people affected will have an opportunity to receive compensation. The Class Representative and the attorneys think the settlement is best for all Class Members to settle the Action on the terms generally set forth herein in order to avoid the uncertainty and cost of a trial, and to provide benefits to Class Members. The settlement was reached through arms-length negotiations between the parties. Judge Du has found that the settlement is fair, adequate, and reasonable to the Class and determined that the Action should proceed as a class action, for purposes of settlement only, with Torres as the representative of the Class. Judge Du granted preliminary approval of the settlement, subject to a final fairness hearing discussed below. This Notice explains the nature of the lawsuit and the general terms of the settlement, and informs you of your legal rights and obligations.

## HOW DO I KNOW IF I AM PART OF THE SETTLEMENT?

You are a Class Member if you are a consumer who, at any time during the period of December 31, 2012 and December 13, 2014, was provided an electronically printed receipt at the point of sale or transaction at the International Marketplace store (located at 5000 S. Decatur Boulevard, Las Vegas, Nevada 89118), on which receipt was printed more than the last five (5) digits of your credit card or debit card number and/or the expiration date of your credit card or debit card.

## WHY AM I RECEIVING THIS NOTICE?

If you are a Class Member, your legal rights will be affected by the Settlement unless you exclude yourself from the Class. The U.S. District Court for the District of Nevada authorized this notice to inform Class Members about this Action and the proposed Settlement and Class Members' options.

## WHAT ARE THE SETTLEMENT BENEFITS AND
## WHAT CAN I GET FROM THE SETTLEMENT?

If you are a Class Member, you may be entitled to one Gift Card in the amount of $50.00 which may be used to purchase any good or service at the International Marketplace store. Please refer to the section below entitled "How Can I Get A Gift Card?" to find out what you need to do to receive a Gift Card.

Each Gift Card will be fully transferable to any and all other persons, will not expire, will not be redeemable for cash, and may only be used to make a purchase of any good or service at the International Marketplace store.

If the Court approves the proposed settlement, not later than twenty (20) days after the

Effective Date, International Marketplace will implement a written FACTA compliance policy, stating that it will comply with FACTA, 15 U.S.C. Section 1681c(g), and that it will not print more than the last five digits of the credit or debit card number nor the credit or debit card expiration date upon any electronically printed receipt provided to any credit or debit cardholder at the point of any sale or transaction.

## HOW CAN I GET A GIFT CARD?

To obtain a Gift Card, in the amount of $50.00, you must complete and return a valid Claim Form.  You may download a Claim Form, or complete and submit an electronic version of the Claim Form, at www.ReceiptSettlement.com.  The Claim Form also requires you to provide proof in either <u>one</u> of the following three ways:

Option 1: Under option 1, you must attach an original or copy of your store receipt that shows more than the last 5 digits of your credit card or debit card number and/or the expiration date of your credit card or debit card printed on the receipt.

Option 2:  Under option 2, you must attach an original or copy of your credit card or debit card statement showing that you made a transaction at the International Marketplace store during the period of December 31, 2012 to December 13, 2014.  Before providing your statement or copy of your statement, please redact (meaning you may white-out or mark-over) information contained in your credit or debit card statement to prevent it from showing things like your account numbers, your other purchases, etc.  The only information that is required to show on your statement for purposes of making a claim under this settlement is your name, address, and all of the details of your transaction from International Marketplace, including the date and amount of your purchase.

You do <u>not</u> need to be a member of International Marketplace to select option 1 or option 2.

Option 3:  If you happen to be a member of International Marketplace, you may select option 3 and fill-in your member number in the space provided.

You may make only one claim regardless of whether you have made one or more than one eligible credit or debit card transaction. Accordingly, if you had more than one eligible transaction and you select either option 1 or option 2, you only need to provide proof of either one receipt or one statement showing that you made one credit or debit card transaction during the period December 31, 2012 to December 13, 2014.

If you select option 1 or option 2, and you decide to send an original receipt or statement (instead of sending a copy), it is encouraged that you make and keep a copy for yourself.  We will not be responsible for original documents that are lost.

In order to receive a Gift Card, you must complete and return the Claim Form **by no later than [DATE]**.  You may submit the Claim Form by U.S. mail, fax, or on-line submission.

If you are mailing the Claim Form, your completed Claim Form (together with the required documentation) must be mailed to the following address **postmarked no later than [DATE]:**

Receipt Settlement
c/o Dahl Administration
P.O. Box 3614
Minneapolis, MN 55403

You may also send your Claim Form (together with the required documentation) by facsimile to the following facsimile number 1-952-955-4589, **by no later than 11:59 p.m. Pacific Time on [DATE]**.

You may also submit your claim by completing and submitting an electronic version of the Claim Form (and uploading and submitting the required documentation) on the internet at www.ReceiptSettlement.com, **by no later than 11:59 p.m. Pacific Time on [DATE].**

## IF I SUBMIT A VALID AND TIMELY CLAIM, WHAT WILL

## BE THE AMOUNT OF MY GIFT CARD?

If the Settlement Agreement is approved, each Class Member who submits a valid and timely Claim Form will be entitled to receive one Gift Card in the amount of $50.00. A minimum of 10,000 Gift Cards shall be distributed.

In the event that the number of valid claims is less than 10,000, the number of valid claims shall be deducted from 10,000 and the resulting amount shall be the number of Gift Cards that shall be distributed in an appropriate *cy pres* distribution. Thus, for example, if there are 1,000 valid claims submitted, 1,000 Gift Cards would be distributed to those valid claimants; then, 1,000 would be subtracted from the 10,000 minimum Gift Card distribution and the resulting amount, 9,000 Gift Cards, would be distributed in an appropriate *cy pres* distribution. The *cy pres* distribution will consist of the distribution to one or more appropriate charities. If, however, for any reason, any or all of the charities proposed by the Parties are not approved by the Court, or if the Court determines that distribution to charity is not an appropriate method for the disposition of residual Gift Cards, any such decision by the Court shall not affect the enforceability of the settlement because the Parties agree that the residual Gift Cards shall be distributed in any manner approved by the Court. Thus, if the Court does not approve any or all of the Parties' selected charities, the Parties and/or the Court shall select one or more alternative charities that, in the Court's view, would be a proper recipient(s) of the residual Gift Cards. If the Court determines that distribution to charity is not an appropriate method for the disposition of the residual Gift Cards, the residual Gift Cards shall be distributed as the Court deems appropriate. International Marketplace will distribute the residual Gift Cards no later than seventy-five (75) days after the last day by which Class Members may submit a Claim Form .

The claims process will be administered by a third-party Claims Administrator. International Marketplace will pay, separately and directly, all costs and expenses of the Class notice and settlement administration.

## WHAT AM I GIVING UP TO RECEIVE SETTLEMENT BENEFITS?

Unless you exclude yourself, you are a Class Member, and that means you will be legally bound by all orders and judgments of the Court, and you will not be able to sue, or continue to sue, Kwong Yet Long Co., Inc. d/b/a International Marketplace or any of the other persons or entities referenced in the "Release by the Settlement Class" paragraph below, about the issues in this case. You will not be responsible for any out-of-pocket costs or attorneys' fees concerning this case if you stay in the Class.

Staying in the Class also means that you agree to the following release of claims, which describes exactly the legal claims that you give up:

**Release by the Settlement Class**.  As of the Effective Date, and except as to such rights or claims created by the settlement contained in this Settlement Agreement, Torres and each Settlement Class member who does not timely opt-out of the settlement forever discharge and release International Marketplace, as well as its predecessors, successors, affiliates, officers, shareholders, directors, employees, attorneys, and agents, from any and all suits, claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, actions or causes of action, in law or equity, of whatever kind or nature, direct or indirect, known or unknown, arising out of the facts alleged in Plaintiff's Complaint, including allegations of FACTA violations, from December 31, 2012 up to and including December 13, 2014.

**California Civil Code Section 1542**.  With respect to the releases set forth in immediately preceding paragraph above (under the heading "Release by the Settlement Class"), Torres and each Settlement Class member who does not timely opt-out of the settlement acknowledge and expressly waive any and all rights conferred by California Civil Code Section 1542, which states:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

With respect to the releases set forth in the paragraph above (under the heading "Release by the Settlement Class"), Torres and each Settlement Class member who does not timely opt-out of the settlement also waive any and all rights conferred by any law of any state or territory of the United States, or principle of common law, that is similar, comparable or equivalent to California Civil Code Section 1542.  Torres and each Settlement Class member who does not timely opt-out of the settlement acknowledge that they may learn facts in addition to or different from facts known or believed to be known on the date of preliminary approval of the settlement. Nevertheless, Torres and each Settlement Class member who does not timely opt-out of the settlement waive all claims relating to such unknown or different facts with respect to the releases set forth in the paragraph above (under the heading "Release by the Settlement Class").

## CAN I EXCLUDE MYSELF FROM THE CLASS AND
## WHAT WILL THAT MEAN FOR ME?

If you don't want to receive benefits from the settlement, but you want to keep the right to sue Kwong Yet Long Co., Inc. d/b/a International Marketplace or any of the other persons or entities referenced in the "Release by the Settlement Class" paragraph above, about the issues in this case, then you must take steps to exclude yourself from the settlement.  To exclude yourself from the settlement you must include your name, address, telephone number, and your signature on correspondence requesting that you be excluded as a Class Member from *Torres v. Kwong Yet Long Co., Inc., d/b/a International Marketplace*, D. Nev. Case No. 2:14-cv-02223-MMD-PAL. To be effective, you must mail your request for exclusion, **postmarked no later than [Opt-Out Deadline]**, to the Claims Administrator at the following address:

| CLAIMS ADMINISTRATOR |
|---|
| Receipt Settlement<br>C/O DAHL ADMINISTRATION<br>P.O. BOX 3614<br>Minneapolis, MN 55403-0614 |

If you request to be excluded from the settlement, then (i) you will not be a part of the settlement contained in the Settlement Agreement; (ii) you will have no right to receive any benefits under the settlement contained in the Settlement Agreement; (iii) you will not be bound by the terms of the Settlement Agreement; and (iv) you will not have any right to object to the terms of the settlement contained in the Settlement Agreement or be heard at the Fairness Hearing.

## IF I DON'T EXCLUDE MYSELF, CAN I SUE FOR THE SAME THING LATER?

No.  Unless you exclude yourself from the settlement, you give up the right to sue Kwong Yet Long Co., Inc. d/b/a International Marketplace and the other persons and entities referenced in the "Release by the Settlement Class" paragraph above, for the claims that this settlement resolves.  If you have a pending lawsuit against Kwong Yet Long Co., Inc. d/b/a International Marketplace or any of the other persons or entities referenced in the "Release by the Settlement Class" paragraph above, for any of the claims that this settlement resolves, speak to your lawyer in your case immediately.  You must exclude yourself from this Settlement to continue your own lawsuit.  Remember, the exclusion deadline is **[Opt-Out Deadline]**.

## CAN I OBJECT TO THE SETTLEMENT?

If you are a Class Member, you can object to the settlement if you do not like any part of it.  You must give reasons why you think the Court should not approve it.  You can also object to the Class Representative's application for service (or incentive) awards.  You can also object to Class Counsel's motion for attorneys' fees and costs.  The Court will consider your views.  To object, you must send a letter saying that you object to the proposed settlement of *Cirena Torres, et al. v. Kwong Yet Lung Co., Inc. (d/b/a International Marketplace), et al.,* Case No. 2:14-cv-02223-MMD-PAL.  Your letter must contain all of the following information:

A.    A reference at the beginning to this Action, *Cirena Torres, et al. v. Kwong Yet Lung Co., Inc. (d/b/a International Marketplace), et al.*, Case No. 2:14-cv-02223-MMD-PAL;

B.    Your full name, address, and telephone number;

C.    A written statement of all grounds for the objection, accompanied by any legal support for such objection;

D.    Copies of any papers, briefs, or other documents upon which the objection is based;

E.    A list of all persons who will be called to testify in support of the objection; and

F.    A    statement    of    whether    you    intend    to    appear    at    the Fairness Hearing.  If you intend to appear at the Fairness Hearing through counsel, your objection must also state the identity of all attorneys representing you who will appear at the Fairness Hearing.

You must mail your objection to the Court, Class Counsel, and International Marketplace's counsel, addressed to each of the respective addresses listed below.  Objections to the Settlement must be postmarked no later than [60 days after store notice is posted]. Objections to the Class Representative's application for service (or incentive) award, and/or Class Counsel's motion for attorney's fees and costs must be postmarked no later than [21 calendar days before the Fairness Hearing].  Any objections not raised properly and timely will be waived.

| COURT | CLASS COUNSEL | INTERNATIONAL MARKETPLACE'S COUNSEL |
|---|---|---|
| Clerk of the Court for the Hon. Miranda M. Du U.S. District Court for the District of Nevada 333 S. Las Vegas Blvd Las Vegas, Nevada 89101 | Chant Yedalian CHANT & COMPANY A Professional Law Corporation 1010 N. Central Ave. Glendale, CA 91202 | Rachel Kingrey Gardere Wynne Sewell LLP 1601 Elm Street, Suite 3000 Dallas, Texas 75201 |

### WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING?

Objecting is simply telling the Court that you don't like something about the Settlement Agreement.  You can only object if you stay in the Class.  Excluding yourself is telling the Court you don't want to be part of the Class.  If you exclude yourself, you have no basis to object because the Action no longer affects you.

### WHAT HAPPENS IF I DO NOTHING AT ALL?

If you do nothing, you will remain in the Class and be bound by the terms of the Settlement Agreement and all of the Court's orders.  This also means that if the proposed Settlement Agreement is approved by the Court, you agree to the release of claims set forth under the heading "What Am I Giving Up to Receive Settlement Benefits?" above, which describes exactly the legal claims that you give up.  You will not be responsible for any out-of-pocket costs or attorneys' fees concerning this lawsuit if you remain in the Class.

### DO I HAVE A LAWYER IN THE CASE?

The Court appointed lawyers to represent you and other Class Members.  These lawyers are called Class Counsel.  Class Counsel is attorney Chant Yedalian of Chant & Company A Professional Law Corporation and attorney Kenneth M. Roberts of Dempsey, Roberts & Smith, Ltd.  You will not be charged for these lawyers.  If you want to be represented by your own

lawyer, you may hire one at your own expense.

## HOW WILL CLASS COUNSEL AND THE CLASS REPRESENTATIVE BE PAID?

Class Counsel will ask the Court to approve payment of up to $135,000 for attorneys' fees and costs. The fees and costs would pay Class Counsel for investigating the facts, prosecuting the lawsuit, negotiating the settlement, causing International Marketplace to implement a new written policy concerning FACTA, and implementing the settlement. Class Counsel will also ask the Court to approve payment of up to $5,000 to Cirena Torres for her services as Class Representative. These payments, if and when awarded by the Court, will be paid separately by International Marketplace.

## WHEN AND WHERE WILL THE COURT DECIDE
## WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold a fairness hearing at **[time]** on **[date]**, at [location], before Judge Miranda M. Du. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate, and whether the Class Representative and Class Counsel have fairly, adequately, reasonably and competently represented and protected the interests of the Class. If there are objections, the Court will consider them. After the hearing, the Court will decide whether to approve the Settlement Agreement, including fees and costs to Class Counsel and service payment to the Class Representative. Class Counsel do not know how long these decisions will take.

## DO I HAVE TO COME TO THE HEARING?

No. Class Counsel will answer any questions the Court may have. You, however, are welcome to come at your own expense. If you send an objection, you do not need to come to Court to talk about it. As long as you filed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend the hearing, but it is not necessary.

## CAN I SPEAK AT THE HEARING?

You may ask the Court for permission to speak at the fairness hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Cirena Torres, et al. v. Kwong Yet Lung Co., Inc. (d/b/a International Marketplace), et al.*, Case No. 2:14-cv-02223-MMD-PAL." You must include your name, current address, telephone number, and your signature. To be timely, a Notice of Intention to Appear concerning Class Counsel's motion for an award of attorneys' fees and costs and/or the Class Representative's motion for service (or incentive) award must be postmarked no later than [twenty-one (21) days before the Fairness Hearing.] To be timely, a Notice of Intention to Appear concerning any other matter about the settlement must be postmarked no later than [sixty (60) days after the date Store Notice is first posted at the International Marketplace Store.] You cannot speak at the fairness hearing if you exclude yourself from the Class. Your Notice of Intention to Appear must be sent to the Clerk of the Court and to the Claims Administrator addressed as follows:

| COURT | CLAIMS ADMINISTRATOR |
|-------|----------------------|
| Clerk of the Court for the Hon. Miranda M. Du U.S. District Court for the District of Nevada 333 S. Las Vegas Blvd Las Vegas, Nevada 89101 | Receipt Settlement C/O DAHL ADMINISTRATION P.O. BOX 3614 Minneapolis, MN 55403-0614 |

## ADDITIONAL INFORMATION

This notice summarizes the proposed settlement. More details are contained in a Settlement Agreement that you may obtain through the Claims Administrator. For more information, you may: (1) visit the website www.ReceiptSettlement.com; (2) call the Settlement Administrator at 866-712-1934; or call or write Class Counsel  Chant Yedalian, of Chant & Company A Professional Law Corporation, at 877-574-7100, 1010 N. Central Avenue, Glendale, California 91202.

## CLAIM FORM

| **I. Your Information** |
|---|

Please clearly print or type your information in the spaces below:

Name:_____

Street Address:_____

City:_____     State:_____     Zip Code:_____

Phone Number:_____     E-mail Address (Optional):_____

| **II. Please provide either:** | **(1) an original or copy of your customer receipt,** |
|---|---|
| | **(2) an original or copy of your credit or debit card statement, OR** |
| | **(3) if you happen to be a member of International Marketplace, your member number and confirmation that you made a purchase** |

Please select one of the following three options by placing a checkmark in the box to the left of the option that you select below.  If you select option 1 or 2, you will also need to provide an original or copy of the document described for that option.  If you are a member of International Marketplace, you may select option 3 and fill-in your member number in the space provided below.  You do <u>not</u> need to be a member of International Marketplace to select option 1 or option 2.

☐   **Option (1):** I hereby attach an original or copy of my store receipt which shows more than the last 5 digits of my credit card or debit card number and/or the expiration date of my credit card or debit card.

☐   **Option (2):** I hereby attach an original or copy of my credit card or debit card statement showing that I made a transaction at the International Marketplace Store during the period of December 31, 2012 to December 13, 2014.

☐   **Option (3):**  I hereby certify that my International Marketplace member number is _____, and that I made at least one purchase from the International Marketplace Store during the period of December 31, 2012 to December 13, 2014 using my credit card or debit card.

| **III. Please Sign This Form** |
|---|

Signature:_____

## Exhibit D

**Questions? Call 1-866-712-1934 or visit www.ReceiptSettlement.com**

# INSTRUCTIONS FOR THE CLAIM FORM

### I.   Deadline For Returning Your Completed Claim Form

In order to receive any benefits, you must complete and return the attached Claim Form **by no later than [DATE]**.  You may submit the Claim Form by U.S. mail, fax, or on-line submission.

If you are mailing the Claim Form, your completed Claim Form (together with the required documentation) must be mailed to the following address **postmarked no later than [DATE]:**

> Receipt Settlement
> c/o Dahl Administration
> PO Box 3614
> Minneapolis, MN 55403

You may also send your Claim Form (together with the required documentation) by facsimile to the following facsimile number 1-952-955-4590, **by no later than 11:59 p.m. Pacific Time on [DATE]**.

You may also submit your claim by completing and submitting an electronic version of the Claim Form (and uploading and submitting the required documentation) on the internet at www.ReceiptSettlement.com, **by no later than 11:59 p.m. Pacific Time on [DATE].**

### II.   You Must Complete Section I Of The Claim Form

You must complete Section I entitled "Your Information" by clearly printing or typing your information in the appropriate spaces.  You must complete all of the spaces, except for your E-mail address which is optional.

### III.   You Must Also Provide The Necessary Information With Your Claim Form

As explained in Section II of the Claim Form, you must select **one of the three** available options by placing a checkmark in the box to the left of the option that you select.

If you select option 1, you must also attach an original or copy of your store receipt which shows more than the last 5 digits of your credit card or debit card number and/or the expiration date of your credit card or debit card printed on the receipt.

If you select option 2, you must also attach an original or copy of your credit card or debit card statement showing that you made a transaction at the International Marketplace store during the period of December 31, 2012 to December 13, 2014.  Before providing your statement or copy of your statement, please redact (meaning you may white-out or mark-over) information contained in your credit or debit card statement to prevent it from showing things like your account numbers, your other purchases, etc.  The only information that is required to show on your statement for purposes of making a claim under this settlement is your name, address, and all of the details of your transaction from International Marketplace, including the date and amount of your purchase.

You do <u>not</u> need to be a member of International Marketplace to select option 1 or option 2.

If you are a member of International Marketplace, you may select option 3 and fill-in your member number in the space provided.

You may make only one claim regardless of whether you have made one or more than one eligible credit or debit card transaction. Accordingly, if you had more than one eligible transaction and you select either option 1 or option 2, you only need to provide proof of either one receipt or one statement showing that you made one credit or debit card transaction during the period December 31, 2012 to December 13, 2014.

If you select option 1 or option 2, and you decide to send an original receipt or statement (instead of sending a copy), it is encouraged that you make and keep a copy for yourself.  We will not be responsible for original documents that are lost.

## IV.   <u>You Must Sign In The Space Provided In Section III Of The Claim Form</u>

You must also sign the Claim Form in the space provided in Section III of the Claim Form.

1 | DAVID A. CARROLL, ESQ.
Nevada State Bar No. 7643
2 | ANTHONY J. DIRAIMONDO, ESQ.
Nevada State Bar No. 10875
3 | **RICE REUTHER SULLIVAN & CARROLL, LLP**
3800 Howard Hughes Parkway, Suite 1200
4 | Las Vegas, Nevada 89169
Telephone: (702) 732-9099
5 | Facsimile: (702) 732-7110

6 | RACHEL KINGREY, ESQ. (*Pro Hac Vice*)
**GARDERE WYNNE SEWELL LLP**
7 | 1601 Elm Street, Suite 3000
Dallas, Texas 75201
8 | Telephone: (214) 999-3000
Facsimile: (214) 999-4667
9 | *Attorneys for Kwong Yet Lung Co., Inc.*
*d/b/a International Marketplace*

10 |
CHANT YEDALIAN, ESQ. (*Pro Hac Vice*)
11 | **CHANT & COMPANY**
**A Professional Law Corporation**
12 | 1010 N. Central Ave.
Glendale, CA 91202
13 | Phone: 877.574.7100
Fax: 877.574.9411
14 |
KENNETH M. ROBERTS, ESQ.
15 | Nevada State Bar No. 4729
**DEMPSEY, ROBERTS & SMITH, LTD.**
16 | 1130 Wigwam Parkway
Henderson, NV  89074
17 | Phone: 702.388.1216
Fax: 702.388.2514
18 | *Attorneys for Plaintiff Cirena Torres*

19 | **UNITED STATES DISTRICT COURT**

20 | **DISTRICT OF NEVADA**

21 | CIRENA TORRES, on behalf of herself and all
others similarly situated,          Case No. 2:14-cv-02223-MMD-PAL

22 |                  Plaintiffs,

23 |                                    **[PROPOSED] ORDER GRANTING**
vs.                                **MOTION FOR PRELIMINARY**
24 |                                    **APPROVAL OF CLASS ACTION**
KWONG YET LUNG CO., INC.           **SETTLEMENT AND SCHEDULING**
25 | (d/b/a International Marketplace), and DOES 1  **FAIRNESS (FINAL APPROVAL)**
through 100, inclusive,            **HEARING**
26 |
                 Defendants.
27 |

28 |

**Exhibit E**

The Court has received the Stipulation and Settlement Agreement (the "Settlement Agreement"), entered into between plaintiff Cirena Torres ("Torres"), on behalf of herself and all others similarly situated, on the one hand, and defendant Kwong Yet Lung Co., Inc. (d/b/a International Marketplace) ("International Marketplace" or "Defendant"), on the other hand.

After reviewing the Agreement and other documents filed in support of the Motion For Preliminary Approval Of Class Action Settlement, and having considered the arguments by the respective parties, THE COURT HEREBY ORDERS THE FOLLOWING:

1.      For purposes of this Order, the Court adopts all definitions of terms set forth in the Settlement Agreement.

2.      The Court hereby grants preliminary approval of the proposed settlement upon the terms and conditions set forth in the Settlement Agreement.  The Court preliminarily finds that the terms of the proposed settlement are fair, adequate and reasonable and comply with Rule 23(e) of the Federal Rules of Civil Procedure ("FRCP").

3.      The Court orders that the following Settlement Class is preliminarily certified for settlement purposes only:

"all consumers who, at any time during the period December 31, 2012 to December 13, 2014 (the "**Settlement Class Period**"), were provided an electronically printed receipt at the point of a sale or transaction at the International Marketplace Store, on which receipt was printed more than the last 5 digits of the credit card or debit card number and/or the expiration date of the consumer's credit card or debit card."

4.      For the purposes of approving this settlement only and for no other purpose, the Court finds the proposed Settlement Class meets all of the requirements for certification under FRCP Rule 23.  The Court further finds that, for purposes of the Settlement, the requirements of FRCP Rule 23(a) and 23(b)(3) are satisfied and that (a) the Settlement Class is ascertainable, (b)

2

the members of the Settlement Class are so numerous that joinder is impracticable, (c) there are questions of law and fact common to the Settlement Class members which predominate over any individual questions, (d) the representative plaintiff's claims are typical of the claims of the Settlement Class members, (e) the Class Representative and Class Counsel have fairly, adequately, reasonably and competently represented and protected the interests of the Settlement Class throughout the litigation, and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.      The Court appoints plaintiff Cirena Torres as the Class Representative for the Settlement Class.

6.      The Court appoints attorney Chant Yedalian of Chant & Company A Professional Law Corporation and attorney Kenneth M. Roberts of Dempsey, Roberts & Smith, Ltd. as Class Counsel for the Settlement Class.

7.      The Court preliminarily finds that the settlement is the product of serious, informed, non-collusive negotiations conducted at arm's-length by the parties and with the assistance of the mediator Honorable Philip Pro (Ret.).  In making these preliminary findings, the Court considered, among other factors, the potential statutory damages claimed in the lawsuit on behalf of plaintiff and members of the Settlement Class, Defendant's potential liability, the risks of continued litigation including trial outcome, delay and potential appeals, the substantial benefits available to the Settlement Class as a result of the settlement, and the fact that the proposed settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial.  The Court further preliminarily finds that the terms of the settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual member of the Settlement Class.

8.     The Court approves the proposed manner of the notice of settlement set forth in the Settlement Agreement.  The Court also approves the size and contents of the Postal Notice, Store Notice, Full Notice, and Claim Form attached as Exhibits A, B, C, and D, respectively, to the Settlement Agreement.

9.     The Court finds that the proposed manner of the notice of settlement set forth in the Settlement Agreement, and the Postal Notice, Store Notice, Full Notice, and Claim Form which the Court approves of, as set forth in paragraph 8, above, constitute the best notice practicable under the circumstances and is in full compliance with the United States Constitution, FRCP Rule 23, and the requirements of due process.  The Court further finds that the notice fully and accurately informs Settlement Class members of all material elements of the lawsuit and proposed class action settlement, of each member's right to be excluded from the settlement, and each member's right and opportunity to object to the proposed class action settlement and be heard at the Fairness (final approval) Hearing.

10.     Any Settlement Class member may request exclusion from the settlement contained in the Settlement Agreement. To request exclusion, a Settlement Class member must timely send to the Claims Administrator a written request for exclusion postmarked no later than sixty (60) days after the date the Store Notice is first posted at the International Marketplace Store (the "Opt-Out Deadline").   Settlement Class members who opt out of the Settlement Class by the Opt-Out Deadline: (i) will not be a part of the settlement contained in the Settlement Agreement; (ii) will have no right to receive any benefits under the settlement contained in the Settlement Agreement; (iii) will not be bound by the terms of the Settlement Agreement; and (iv) will not have any right to object to the terms of the settlement contained in the Settlement Agreement or be heard at the Fairness Hearing.  Pending final determination of whether the proposed settlement should be approved, no Settlement Class member either directly, derivatively, in a representative capacity, or

4

in any other capacity, shall commence, maintain or prosecute against Defendant, any action or proceeding in any court or tribunal asserting any claim covered by the Settlement Agreement, unless and until such Settlement Class member excludes itself from the settlement by timely sending a request for exclusion to the Claims Administrator as set forth in this paragraph.

11. Any Settlement Class member, on his or her own, or through an attorney hired at his or her own expense, may object to the terms of the settlement. Any such objection must be filed with the Court and also served on Class Counsel and International Marketplace Counsel. To be effective, any such objection must be in writing and include the contents described in paragraph 13, below, and must be filed and served no later than sixty (60) calendar days after the date Store Notice is first posted by International Marketplace. Any objections not raised properly and timely will be waived.

12. Any Settlement Class member, on his or her own, or through an attorney hired at his or her own expense, may object to Class Counsel's motion for an award of attorney's fees and costs and/or the Class Representative's motion for service (or incentive) award. Such motion will be posted by the Claims Administrator on the Settlement Website no later than thirty (30) days before the Fairness Hearing scheduled by the Court. Any objection must be filed with the Court and also served on Class Counsel and International Marketplace Counsel. To be effective, any such objection must be in writing and include the contents described in paragraph 13, below, and must be filed and served no later than twenty-one (21) days before the Fairness Hearing. Any objections not raised properly and timely will be waived.

13. To be effective, any objection described in paragraph 11 or paragraph 12, above, must contain all of the following information:

5

A.      A reference at the beginning to this Action, *Cirena Torres, et al. v. Kwong Yet Lung Co., Inc. (d/b/a International Marketplace), et al.*, Case No. 2:14-cv-02223-MMD-PAL;

B.      The objector's full name, address, and telephone number;

C.      A written statement of all grounds for the objection, accompanied by any legal support for such objection;

D.      Copies of any papers, briefs, or other documents upon which the objection is based;

E.      A list of all persons who will be called to testify in support of the objection; and

F.      A statement of whether the objector intends to appear at the Fairness Hearing.  If the objector intends to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Fairness Hearing.

14.     Settlement Class members may ask the Court for permission to speak at the Fairness Hearing.  Unless otherwise permitted by the Court, the Court will consider such a request from a Settlement Class member only if such a member timely files and serves a letter which states that it is the Settlement Class member's "Notice of Intention to Appear in *Cirena Torres, et al. v. Kwong Yet Lung Co., Inc. (d/b/a International Marketplace), et al.*, Case No. 2:14-cv-02223-MMD-PAL" and includes the Settlement Class member's name, current address, telephone number, and signature (a "Notice of Intention to Appear").  To be timely, a Notice of Intention to Appear concerning Class Counsel's motion for an award of attorneys' fees and costs and/or the Class Representative's motion for service (or incentive) award must be postmarked no later than twenty-one (21) days before the Fairness Hearing.  To be timely, a Notice of Intention to Appear

concerning any other matter about the settlement must be postmarked no later than sixty (60) days after the date Store Notice is first posted at the International Marketplace Store.  Any Notice of Intention to Appear must be sent by mail to the Clerk of the Court and to the Claims Administrator. Any Settlement Class member who fails to make a timely written Notice of Intention to Appear shall be foreclosed from speaking at the Fairness Hearing, unless otherwise ordered by the Court.

15.     Class Counsel's motion for an award of attorneys' fees and costs shall be filed no later than thirty (30) calendar days before the Fairness (final approval) Hearing.

16.     The Court will have continuing jurisdiction over the Action for the purpose of implementing the settlement until this Action and all related matters are fully resolved, and for interpretation and enforcement of the settlement, the Settlement Agreement and final order and Judgment thereafter.

17.     The Court will hold a Fairness (final approval) Hearing on _____, at _____ [a..m.] [p.m.]] [a date approximately 105 days from the date of this order is requested], to consider the fairness, reasonableness and adequacy of the proposed Settlement as well as the award of attorneys' fees and costs to Class Counsel and service (or incentive) award to the Class Representative.  The Court reserves the right to adjourn or continue the Fairness (final approval) Hearing without further notice to the Settlement Class members.

**APPROVED AND SO ORDERED:**

Dated: _____, 2015

_____
HON. MIRANDA M. DU
United States District Judge

7