DAVID A. CARROLL, ESQ.
Nevada State Bar No. 7643
ANTHONY J. DIRAIMONDO, ESQ.
Nevada State Bar No. 10875
**RICE REUTHER SULLIVAN & CARROLL, LLP**
3800 Howard Hughes Parkway, Suite 1200
Las Vegas, Nevada 89169
Telephone: (702) 732-9099
Facsimile: (702) 732-7110

RACHEL KINGREY, ESQ. (*Pro Hac Vice*)
**GARDERE WYNNE SEWELL LLP**
1601 Elm Street, Suite 3000
Dallas, Texas 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
*Attorneys for Kwong Yet Lung Co., Inc.*
*d/b/a International Marketplace*

CHANT YEDALIAN, ESQ. (*Pro Hac Vice*)
**CHANT & COMPANY**
**A Professional Law Corporation**
1010 N. Central Ave.
Glendale, CA 91202
Phone: 877.574.7100
Fax: 877.574.9411

KENNETH M. ROBERTS, ESQ.
Nevada State Bar No. 4729
**DEMPSEY, ROBERTS & SMITH, LTD.**
1130 Wigwam Parkway
Henderson, NV  89074
Phone: 702.388.1216
Fax: 702.388.2514
*Attorneys for Plaintiff Cirena Torres*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CIRENA TORRES, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>KWONG YET LUNG CO., INC. (d/b/a International Marketplace), and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:14-cv-02223-MMD-PAL<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND SCHEDULING FAIRNESS (FINAL APPROVAL) HEARING** |

1

The Court has received the Stipulation and Settlement Agreement (the "Settlement Agreement"), entered into between plaintiff Cirena Torres ("Torres"), on behalf of herself and all others similarly situated, on the one hand, and defendant Kwong Yet Lung Co., Inc. (d/b/a International Marketplace) ("International Marketplace" or "Defendant"), on the other hand.

After reviewing the Agreement and other documents filed in support of the Motion For Preliminary Approval Of Class Action Settlement, and having considered the arguments by the respective parties, THE COURT HEREBY ORDERS THE FOLLOWING:

1.  For purposes of this Order, the Court adopts all definitions of terms set forth in the Settlement Agreement.

2.  The Court hereby grants preliminary approval of the proposed settlement upon the terms and conditions set forth in the Settlement Agreement. The Court preliminarily finds that the terms of the proposed settlement are fair, adequate and reasonable and comply with Rule 23(e) of the Federal Rules of Civil Procedure ("FRCP").

3.  The Court orders that the following Settlement Class is preliminarily certified for settlement purposes only:

    "all consumers who, at any time during the period December 31, 2012 to December 13, 2014 (the "**Settlement Class Period**"), were provided an electronically printed receipt at the point of a sale or transaction at the International Marketplace Store, on which receipt was printed more than the last 5 digits of the credit card or debit card number and/or the expiration date of the consumer's credit card or debit card."

4.  For the purposes of approving this settlement only and for no other purpose, the Court finds the proposed Settlement Class meets all of the requirements for certification under FRCP Rule 23. The Court further finds that, for purposes of the Settlement, the requirements of FRCP Rule 23(a) and 23(b)(3) are satisfied and that (a) the Settlement Class is ascertainable, (b)

the members of the Settlement Class are so numerous that joinder is impracticable, (c) there are questions of law and fact common to the Settlement Class members which predominate over any individual questions, (d) the representative plaintiff's claims are typical of the claims of the Settlement Class members, (e) the Class Representative and Class Counsel have fairly, adequately, reasonably and competently represented and protected the interests of the Settlement Class throughout the litigation, and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

     5.     The Court appoints plaintiff Cirena Torres as the Class Representative for the Settlement Class.

     6.     The Court appoints attorney Chant Yedalian of Chant & Company A Professional Law Corporation and attorney Kenneth M. Roberts of Dempsey, Roberts & Smith, Ltd. as Class Counsel for the Settlement Class.

     7.     The Court preliminarily finds that the settlement is the product of serious, informed, non-collusive negotiations conducted at arm's-length by the parties and with the assistance of the mediator Honorable Philip Pro (Ret.).  In making these preliminary findings, the Court considered, among other factors, the potential statutory damages claimed in the lawsuit on behalf of plaintiff and members of the Settlement Class, Defendant's potential liability, the risks of continued litigation including trial outcome, delay and potential appeals, the substantial benefits available to the Settlement Class as a result of the settlement, and the fact that the proposed settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial.  The Court further preliminarily finds that the terms of the settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual member of the Settlement Class.

8. The Court approves the proposed manner of the notice of settlement set forth in the Settlement Agreement. The Court also approves the size and contents of the Postal Notice, Store Notice, Full Notice, and Claim Form attached as Exhibits A, B, C, and D, respectively, to the Settlement Agreement.

9. The Court finds that the proposed manner of the notice of settlement set forth in the Settlement Agreement, and the Postal Notice, Store Notice, Full Notice, and Claim Form which the Court approves of, as set forth in paragraph 8, above, constitute the best notice practicable under the circumstances and is in full compliance with the United States Constitution, FRCP Rule 23, and the requirements of due process. The Court further finds that the notice fully and accurately informs Settlement Class members of all material elements of the lawsuit and proposed class action settlement, of each member's right to be excluded from the settlement, and each member's right and opportunity to object to the proposed class action settlement and be heard at the Fairness (final approval) Hearing.

10. Any Settlement Class member may request exclusion from the settlement contained in the Settlement Agreement. To request exclusion, a Settlement Class member must timely send to the Claims Administrator a written request for exclusion postmarked no later than sixty (60) days after the date the Store Notice is first posted at the International Marketplace Store (the "Opt-Out Deadline"). Settlement Class members who opt out of the Settlement Class by the Opt-Out Deadline: (i) will not be a part of the settlement contained in the Settlement Agreement; (ii) will have no right to receive any benefits under the settlement contained in the Settlement Agreement; (iii) will not be bound by the terms of the Settlement Agreement; and (iv) will not have any right to object to the terms of the settlement contained in the Settlement Agreement or be heard at the Fairness Hearing. Pending final determination of whether the proposed settlement should be approved, no Settlement Class member either directly, derivatively, in a representative capacity, or

in any other capacity, shall commence, maintain or prosecute against Defendant, any action or proceeding in any court or tribunal asserting any claim covered by the Settlement Agreement, unless and until such Settlement Class member excludes itself from the settlement by timely sending a request for exclusion to the Claims Administrator as set forth in this paragraph.

11. Any Settlement Class member, on his or her own, or through an attorney hired at his or her own expense, may object to the terms of the settlement. Any such objection must be filed with the Court and also served on Class Counsel and International Marketplace Counsel. To be effective, any such objection must be in writing and include the contents described in paragraph 13, below, and must be filed and served no later than sixty (60) calendar days after the date Store Notice is first posted by International Marketplace. Any objections not raised properly and timely will be waived.

12. Any Settlement Class member, on his or her own, or through an attorney hired at his or her own expense, may object to Class Counsel's motion for an award of attorney's fees and costs and/or the Class Representative's motion for service (or incentive) award. Such motion will be posted by the Claims Administrator on the Settlement Website no later than thirty (30) days before the Fairness Hearing scheduled by the Court. Any objection must be filed with the Court and also served on Class Counsel and International Marketplace Counsel. To be effective, any such objection must be in writing and include the contents described in paragraph 13, below, and must be filed and served no later than twenty-one (21) days before the Fairness Hearing. Any objections not raised properly and timely will be waived.

13. To be effective, any objection described in paragraph 11 or paragraph 12, above, must contain all of the following information:

5

    A. A reference at the beginning to this Action, *Cirena Torres, et al. v. Kwong Yet Lung Co., Inc. (d/b/a International Marketplace), et al.*, Case No. 2:14-cv-02223-MMD-PAL;

    B. The objector's full name, address, and telephone number;

    C. A written statement of all grounds for the objection, accompanied by any legal support for such objection;

    D. Copies of any papers, briefs, or other documents upon which the objection is based;

    E. A list of all persons who will be called to testify in support of the objection; and

    F. A statement of whether the objector intends to appear at the Fairness Hearing. If the objector intends to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Fairness Hearing.

  14. Settlement Class members may ask the Court for permission to speak at the Fairness Hearing. Unless otherwise permitted by the Court, the Court will consider such a request from a Settlement Class member only if such a member timely files and serves a letter which states that it is the Settlement Class member's "Notice of Intention to Appear in *Cirena Torres, et al. v. Kwong Yet Lung Co., Inc. (d/b/a International Marketplace), et al.*, Case No. 2:14-cv-02223-MMD-PAL" and includes the Settlement Class member's name, current address, telephone number, and signature (a "Notice of Intention to Appear"). To be timely, a Notice of Intention to Appear concerning Class Counsel's motion for an award of attorneys' fees and costs and/or the Class Representative's motion for service (or incentive) award must be postmarked no later than twenty-one (21) days before the Fairness Hearing. To be timely, a Notice of Intention to Appear

concerning any other matter about the settlement must be postmarked no later than sixty (60) days after the date Store Notice is first posted at the International Marketplace Store. Any Notice of Intention to Appear must be sent by mail to the Clerk of the Court and to the Claims Administrator. Any Settlement Class member who fails to make a timely written Notice of Intention to Appear shall be foreclosed from speaking at the Fairness Hearing, unless otherwise ordered by the Court.

15. Class Counsel's motion for an award of attorneys' fees and costs shall be filed no later than thirty (30) calendar days before the Fairness (final approval) Hearing.

16. The Court will have continuing jurisdiction over the Action for the purpose of implementing the settlement until this Action and all related matters are fully resolved, and for interpretation and enforcement of the settlement, the Settlement Agreement and final order and Judgment thereafter.

17. The Court will hold a Fairness (final approval) Hearing on __February 11, 2016 at 1:00__ p.m. to consider the fairness, reasonableness and adequacy of the proposed Settlement as well as the award of attorneys' fees and costs to Class Counsel and service (or incentive) award to the Class Representative. The Court reserves the right to adjourn or continue the Fairness (final approval) Hearing without further notice to the Settlement Class members.

**APPROVED AND SO ORDERED:**

Dated: __October 20__, 2015

_____
HON. MIRANDA M. DU
United States District Judge

7