DAVID A. CARROLL, ESQ.
Nevada State Bar No. 7643
ANTHONY J. DIRAIMONDO, ESQ.
Nevada State Bar No. 10875
**RICE REUTHER SULLIVAN & CARROLL, LLP**
3800 Howard Hughes Parkway, Suite 1200
Las Vegas, Nevada 89169
Telephone: (702) 732-9099
Facsimile: (702) 732-7110

RACHEL KINGREY, ESQ. (*Pro Hac Vice)*
**GARDERE WYNNE SEWELL LLP**
1601 Elm Street, Suite 3000
Dallas, Texas 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
*Attorneys for Kwong Yet Lung Co., Inc.*
*d/b/a International Marketplace*

CHANT YEDALIAN, ESQ. (*Pro Hac Vice*)
**CHANT & COMPANY**
**A Professional Law Corporation**
1010 N. Central Ave.
Glendale, CA 91202
Phone: 877.574.7100
Fax: 877.574.9411

KENNETH M. ROBERTS, ESQ.
Nevada State Bar No. 4729
**DEMPSEY, ROBERTS & SMITH, LTD.**
1130 Wigwam Parkway
Henderson, NV 89074
Phone: 702.388.1216
Fax: 702.388.2514
*Attorneys for Plaintiff Cirena Torres*
*and the Settlement Class*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CIRENA TORRES, on behalf of herself and all others similarly situated,

Plaintiffs,

vs.

KWONG YET LUNG CO., INC. (d/b/a International Marketplace), and DOES 1 through 100, inclusive,

Defendants.

Case No. 2:14-cv-02223-MMD-PAL

**~~[PROPOSED]~~ ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT**

The Court received the Stipulation and Settlement Agreement (the "Settlement Agreement"), entered into between plaintiff Cirena Torres ("Torres" or “Plaintiff”), on behalf of herself and all others similarly situated, on the one hand, and defendant Kwong Yet Lung Co., Inc. (d/b/a International Marketplace) (“International Marketplace” or “Defendant”), on the other hand.

On October 20, 2015, this Court entered an Order granting Plaintiff's Motion For Preliminary Approval Of Class Action Settlement. Dkt. # 30.

Plaintiff and Defendant have filed a Motion For Final Approval Of Class Action Settlement.

Also, Plaintiff and Class Counsel, have filed a Motion For Award Of Attorneys' Fees And Costs To Class Counsel And Incentive Payment To The Class Representative.

Having duly considered all submissions and arguments presented, IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:

1. For purposes of this Order, the Court adopts all definitions of terms set forth in the Settlement Agreement.

2. The Court hereby grants final approval of the proposed settlement upon the terms and conditions set forth in the Settlement Agreement. The Court finds that the terms of the proposed settlement are fair, adequate and reasonable and comply with Rule 23(e) of the Federal Rules of Civil Procedure ("FRCP").

3. The Court orders that the following Settlement Class is certified for settlement purposes only:

> "all consumers who, at any time during the period December 31, 2012 to December 13, 2014 (the “**Settlement Class Period**”), were provided an electronically printed receipt at the point of a sale or transaction at the International Marketplace Store, on which receipt was printed more than the last 5 digits of the credit card or debit card number and/or the expiration date of the consumer’s credit card or debit card."

4. For the purposes of approving this settlement only and for no other purpose, the Court finds the proposed Settlement Class meets all of the requirements for certification under FRCP Rule 23. The Court further finds that, for purposes of the Settlement, the requirements of FRCP Rule 23(a) and 23(b)(3) are satisfied and that (a) the Settlement Class is ascertainable, (b) the members of the Settlement Class are so numerous that joinder is impracticable, (c) there are questions of law and fact common to the Settlement Class members which predominate over any individual questions, (d) the representative plaintiff's claims are typical of the claims of the Settlement Class members, (e) the Class Representative and Class Counsel have fairly, adequately, reasonably and competently represented and protected the interests of the Settlement Class throughout the litigation, and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. The Court appoints plaintiff Cirena Torres as the Class Representative for the Settlement Class.

6. The Court appoints attorney Chant Yedalian of Chant & Company A Professional Law Corporation and attorney Kenneth M. Roberts of Dempsey, Roberts & Smith, Ltd. as Class Counsel for the Settlement Class.

7. The Court finds that the settlement is the product of serious, informed, non-collusive negotiations conducted at arm's-length by the parties and with the assistance of the mediator Honorable Philip Pro (Ret.). In making these findings, the Court considered, among other factors, the potential statutory damages claimed in the lawsuit on behalf of plaintiff and members of the Settlement Class, Defendant's potential liability, the risks of continued litigation including trial outcome, delay and potential appeals, the substantial benefits available to the Settlement Class as a result of the settlement, and the fact that the proposed settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. The Court further

finds that the terms of the settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual member of the Settlement Class.

8. The Court finds that the notice that has been provided to Settlement Class members, as well as the means by which it was provided, including the Postal Notice, Store Notice, Full Notice, and Claim Form attached as Exhibits A, B, C, and D, respectively, to the Settlement Agreement, all of which the Court previously approved, constitute the best notice practicable under the circumstances and is in full compliance with the United States Constitution, FRCP Rule 23, and the requirements of due process. The Court further finds that the notice fully and accurately informed Settlement Class members of all material elements of the lawsuit and proposed class action settlement, of each member's right to be excluded from the settlement, and each member's right and opportunity to object to the proposed class action settlement and be heard at the Fairness (final approval) Hearing.

9. The Court finds that the manner and content of the notice of Settlement has been complied with in conformity with this Court's previous Orders.

10. The Court finds that zero Settlement Class members have timely requested exclusion from the Settlement.

11. The Court finds that zero Settlement Class members have timely objected to the Settlement.

12. The Court finds that zero Settlement Class members have timely requested to appear or be heard at the Fairness (final approval) Hearing.

13. All Settlement Class members who did not timely exclude themselves from the settlement are bound by the Settlement Agreement, including the releases contained in paragraphs 24 and 25 of the Settlement Agreement.

14. The Court hereby directs the Parties and the Claims Administrator, Dahl Administration LLC, to effectuate all terms of the settlement and the Settlement Agreement.

15. The Court finds that the $550 hourly rate of Class Counsel Chant Yedalian, and the $350 hourly rate of Class Counsel Kenneth M. Roberts, are reasonable based upon each of their respective qualifications, skills and experience.

16. The Court hereby awards $135,000 in reasonable attorneys' fees and costs to Class Counsel (to be allocated among Class Counsel according to Class Counsel's existing agreement with one another). Defendant shall make payment of this award to Class Counsel pursuant to the terms of the Settlement Agreement.

17. The Court hereby awards $5,000 to the Class Representative, Cirena Torres, as an incentive (service) award to compensate her for her service as the representative of the Settlement Class. Defendant shall make payment of this award to the Class Representative pursuant to the terms of the Settlement Agreement.

18. Each of the Parties is to bear its own fees and costs except as expressly provided in the Settlement Agreement or in the Court's order(s) on Motion For Award Of Attorneys' Fees And Costs To Class Counsel And Incentive Payment To The Class Representative.

19. The Court hereby dismisses the Action with prejudice in accordance with the terms of the Settlement Agreement; however, the Court shall retain continuing jurisdiction to interpret, implement and enforce the settlement, and all orders and judgment entered in connection therewith.

//

//

//

//

20. The Court directs the Clerk of the Court to enter this Order as a judgment (subject to the terms of paragraphs 18-19 above).

**APPROVED AND SO ORDERED:**

Dated: February 11, 2016

HON. MIRANDA M. DU
United States District Judge